AUGUSTINA FELSKA, as Administratrix of MATHIAS FELSKA, Deceased, Respondent, *v*. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

1. NEGLIGENCE — INJURY AT RAILROAD CROSSING — HEARSAY TESTIMONY. When, in an action against a railroad company for damages for the death of a person caused by collision with a train in driving over a street crossing, the neglect of the flagman to give any warning, and his absence from his post, are alleged as grounds of the defendant's negligence, it is reversible error to permit a witness for the plaintiff, who was present just after the accident, to testify that he heard some of the bystanders say that the flagman did not attend to his business.

2. EVIDENCE — OPINION AS TO INTOXICATION. When, in an action for damages for a death alleged to have been caused by negligence, the condition of the deceased at the time of the accident is material, a competent witness, who had seen the deceased on the occasion in question, and who is able to describe his actions, words and conduct, may express an opinion as to whether he was or was not intoxicated.

(Argued March 19, 1897; decided March 26, 1897.)

APPEAL from a judgment of the General Term of the Superior Court of Buffalo, entered May 21, 1895, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed orders denying motions for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James F. Gluck* for appellant. There was no evidence given sufficient to warrant the submission of the case to the jury on the question of either the defendant's negligence or the plaintiff's contributory negligence. The burden of proof was not sustained by the plaintiff on either of these propositions, and the verdict rendered by the jury was not only against the evidence, but against all the natural and ordinary inferences to be drawn from the evidence. (*Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 133 ; *McKeever* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y. 667 ; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 366 ; *Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y. 9 ; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341 ; *Improvement Co.* v. *Muson*, 14 Wall. 442 ; *Soderman* v. *Kemp*, 145 N. Y. 427 ; *Hale* v. *Smith*, 78 N. Y. 480 ; *Heaney* v. *L. I. R. R. Co.*, 112 N. Y. 122 ; *Morris* v. *L. S. & M. S. R. Co.*, 148 N. Y. 182.) The judgment should be reversed on the exceptions taken during the trial. (*Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 274 ; *Luby* v. *H. R. R. R. Co.*, 17 N. Y. 131 ; *Martin* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 626 ; *Sherman* v. *D., L. & W. R. R. Co.*, 106 N. Y. 542 ; *Butler* v. *M. R. Co.*, 143 N. Y. 417 ; *Wiel* v. *Stewart*, 19 Hun, 272 ; *Williamson* v. *C. R. R. Co.*, 144 Mass. 148 ; *Ferguson* v. *Hubbell*, 97 N. Y. 507 ; *People* v. *Monteith*, 14 Pac. Rep. 373 ; *People* v. *Sanford*, 43 Cal. 32.)

*George W. Cothran* for respondent. The jurisdiction of this court is restricted to the hearing and determination of questions of law. (Code Civ. Pro. § 191, subd. 3.) An exception to a refusal to nonsuit or to direct a verdict presents no question for this court to review. (*Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 220.)

O'Brien, J. The plaintiff recovered a judgment in this action for damages for negligently causing the death of her husband and intestate in a collision which occurred at the Broadway street crossing in Buffalo on the 22d of December, 1892.

It appears that the deceased and another person started from a saloon in a wagon drawn by a single horse driven by the deceased, and they proceeded through Broadway easterly to the crossing. When attempting to cross the tracks of the defendant the accident occurred which resulted in his death. The deceased had control of the horse at the time. The day was clear and bright, and the evidence in behalf of the defendant tended to show that there was no difficulty in seeing the train in either direction as the crossing was approached.

The negligence charged against the defendant was the great speed of the train, the failure to give signals of any kind of its approach, and the neglect of the flagman at the crossing to give any warning; and it is claimed that he was absent from his post of duty. On the other hand, it is contended that the deceased was himself guilty of negligence contributing to the accident and to his own death, in driving up to and on the crossing with a horse and wagon at a high rate of speed, without looking either way, when the approaching train was in plain sight. The deceased and his companion before leaving the saloon were either trading or had traded horses, and their purpose on the occasion in driving on the street and across the railroad track was to test the qualities of one of the horses. There is no doubt upon the evidence that both men had been drinking at the saloon, but whether to such an extent as to disable them from taking care of themselves and to avoid the dangers incident to crossing the railroad track is not so clear.

The testimony of the defendant as to the situation at the crossing and the opportunity to see the approaching train from either direction before going upon the track, was quite clear and satisfactory. It is difficult to account for the accident without imputing some fault to the deceased and to his companion. If, as is now claimed on behalf of the plaintiff, they were driving at a slow gait ; that they were both sober, and that in a bright, clear day they looked in both directions before attempting to cross, and when there was no difficulty in seeing the approaching train, it is impossible to conjecture how the deceased was killed. The testimony in support of the plaintiff's case is open to criticism, as being in some respects contradictory and improbable. But still the credibility of the witnesses and the force and effect of the testimony was for the jury. The responsibility in such cases must rest with the General Term if any injustice has been done, since that court has the power to review the facts and to set the verdict aside when contrary to the evidence. We have no such power. We can only look into the record to see if there was any evidence for the jury, and had this case been tried since the present provisions of the Constitution went into effect, we could not even do that. In so far as the merits of the case are concerned, we think the learned counsel for the appellant has already passed through the only court that had the power to correct the various errors of fact with respect to which he now complains.

We think, however, that there are two exceptions in the record that entitle the defendant to a new trial. The absence of the flagman from his post at the crossing was a material inquiry at the trial. The court permitted a witness for the plaintiff to testify, against the defendant's objection and exception, that he was present just after the accident at the crossing, and heard the bystanders talking about the absence of the flagman, and that he heard it said by some one in the crowd "that he did not attend to his business good." The testimony of this witness as to what he heard from some person in the crowd was, of course, nothing but hearsay. An

excited crowd had assembled at the crossing after the accident, and after the death of the plaintiff's intestate, and one or more of them was heard to say that the flagman did not attend to his business.  It is easy to see how proof of this character, when given to the jury under the ruling and sanction of the court after a distinct objection from the defendant's counsel, was liable to mislead the jury to the prejudice of the defendant.  Considering the nature of the issues involved, and the quality of the testimony in support of them, it cannot be said that this objectionable evidence was harmless.  We think the defendant's objection to this testimony was well taken.  (*Butler* v. *Manhattan R. Co.*, 143 N. Y. 417.)

The condition of the deceased at the time he attempted to drive the horse across the track, whether intoxicated or not, became a material inquiry upon the trial.  The defendant's counsel examined witnesses on that point, and the following testimony was given and rulings made in the course of the examination: "I saw one man walk up and get into the wagon, and then the other man got into the wagon; one man got into the wagon first, and the other one tried to get into the wagon and he kind of stumbled into the wagon.  Q. Was there anything in his movements or manner that attracted your attention toward him particularly, as to what his condition was?  A. The way he walked and got into the wagon it looked as if he was intoxicated.  Mr. Cothran:  I ask to strike that out.  By the Court:  Strike it out; it is the expression of an opinion.  Mr. Gluck: I except."  This testimony was directed to the condition of the two men when they got into the wagon at the saloon, and it was clearly shown by other testimony that the man who got in last was the deceased.  The ruling of the court, striking this testimony from the record, not only excluded from the case the testimony of the witness, which was in the nature of an opinion, but also the facts and circumstances bearing upon the question derived from a description by the witness of the acts and conduct of the deceased at the time.  The jury were at least entitled to as full a description of the movements of the deceased as the

witness could give.  If the witness could not be permitted to express an opinion on the subject, he could certainly give the facts and circumstances bearing upon the issue that came under his observation.

But we think it was not error to permit a competent witness who had seen the deceased on the occasion in question, and who was able to describe his actions, words and conduct, to express an opinion as to whether he was or was not intoxicated.  The inquiry was material, and the defendant was entitled to give such proof on the subject as tended to establish the fact.  In *Ferguson* v. *Hubbell* (97 N. Y. 507), Judge EARL stated the principle upon which opinions are admissible in such cases as follows: "Opinions are also allowed in some cases where, from the nature of the matter under investigation, the facts cannot be adequately placed before the jury so as to impress their minds as they impress the mind of a competent, skilled observer, and where the facts cannot be stated or described in such language as will enable persons not eye-witnesses to form an accurate judgment in regard to them, and no better evidence than such opinions is attainable." Again, in enumerating cases where such opinions may be received, he says: "Farmers may be permitted to give their opinions of the value of farms, and farm stock, and produce; * * * witnesses may give their opinions on questions of identity, or whether a person is under the influence of liquor, and as to many other matters."

We think that the defendant was clearly entitled to have the evidence of this witness with respect to the condition of the deceased retained in the record.  The facts stated by the witness and the opinion expressed were competent for the consideration of the jury, and the defendant's exception to the ruling of the court excluding it from the case was well taken.

For these reasons the judgment should be reversed and a new trial granted, costs to abide the event.

All concur (MARTIN and VANN, JJ., on first ground stated in opinion).

Judgment reversed.