DANIEL E. DONAHUE, Appellant, *v.* LYNDON F. MEAGLEY, Respondent.

Fourth Department, May 4, 1927.

Motor vehicles — injuries to person and property arising from collision between automobiles owned by plaintiff and defendant — verdict for defendant is contrary to weight of evidence as to care shown by parties — evidence — trial court erred in prohibiting witnesses who observed defendant immediately after collision from testifying categorically that defendant was intoxicated.

This is an action to recover damages for personal and property injuries suffered by the plaintiff as a result of a collision between automobiles owned by the plaintiff and the defendant. The testimony of the witnesses taken in connection with the conceded facts as to the points of contact of the two automobiles shows that the verdict of the jury was contrary to the weight of the evidence as to the care shown by the plaintiff and the defendant.

Furthermore, the trial court erred in prohibiting witnesses who observed the defendant immediately after the collision, from testifying categorically that the defendant was intoxicated.

APPEAL by the plaintiff, Daniel E. Donahue, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 10th day of August, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 31st day of August, 1926, denying plaintiff's motion for a new trial made upon the minutes.

*Joseph A. Page [Michael J. Larkin* of counsel], for the appellant.

*Nottingham, Clymer, Smith & Kingsley [Jesse E. Kingsley* of counsel], for the respondent.

PER CURIAM. The action is for damages for injury to person and property through a collision between automobiles owned by plaintiff and defendant. The jury's verdict was no cause of action.

Five witnesses were sworn in behalf of plaintiff, who were either drivers or passengers in the three automobiles involved in the mishap; and the defendant was the only eyewitness sworn in his

own behalf. The testimony of all these witnesses, taken in connection with the conceded facts as to the points of contact of the two colliding automobiles and giving full credence to defendant's story as to the location of the automobiles immediately after the collision, leads us to the conclusion that the verdict was contrary to the weight of the evidence as to the care shown by both plaintiff and defendant. Added to this, the trial court erred in prohibiting witnesses who observed the defendant immediately after the collision from testifying categorically that defendant was intoxicated. (*Felska* v. *N. Y. C. R. R. Co.*, 152 N. Y. 339; *People* v. *Gaynor*, 33 App. Div. 98.)

The judgment appealed from should be reversed on the law and facts and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to appellant to abide event.