■ RAYMOND KNIBBS, Appellant, v. ALVON WAGNER, Respondent.— ■

Memorandum: (1) While the allegation that the defendant had pleaded guilty to a charge of driving while intoxicated, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law was evidentiary in character, it was not irrelevant or prejudicial and therefore should not have been stricken out upon a motion under rule 103 of the Rules of Civil Practice. Proof of the conviction will be admissible upon the trial, since the conviction was of a crime and not of a mere traffic infraction and relates to the matters in issue (*People* v. *Formato*, 286 App. Div. 357, affd. 309 N. Y. 979; *Shindler* v. *Royal Ins. Co.*, 258 N. Y. 310; *Matter of Rechtschaffen*, 278 N. Y. 336). Moreover, the plea of guilty constituted an admission against interest and will be admissible as such upon the trial (*Ando* v. *Woodberry*, 8 N Y 2d 165; *Walther* v. *News Syndicate Co.*, 276 App. Div. 169). Nothing was gained by striking the allegation out of the complaint. (2) The allegations of the so-called second cause of action seeking recovery for punitive damages because of the defendant's "gross, wilful and wanton negligence" in undertaking to drive the car after "voluntarily getting drunk" should not have been stricken out. The claim for punitive damages is not a separate cause of action; it merely constitutes "an element of the single total claim for damages" (*Gill* v. *Montgomery Ward & Co.*, 284 App. Div. 36, 41). But even so, the allegations should not have been stricken out. The allegations of willfulness and wantonness are sufficient to authorize the jury to award punitive damages (1 Clark, New York Law of Damages, § 74). Whether punitive damages should be awarded in this case will depend, of course, upon the facts as they are developed upon the trial. The parties to this appeal ask us to decide as an abstract matter whether driving while intoxicated is a sufficient basis for an award of punitive damages. We do not believe it to be necessary or desirable to announce any rule with respect to this matter. Each case must be decided upon its own particular facts. (Appeal by plaintiff from part of order of Erie Special Term granting some parts of defendant's motion to correct allegations in complaint pursuant to rule 103 of the Rules of Civil Practice.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ WILLIAM H. TAYLOR, Appellant, v. ALVON WAGNER, Respondent.— Same decision and like cause of action as in companion case of *Knibbs* v. *Wagner* (14 A D 2d 987).

■ MARIO PETROSSI, Appellant, v. TOWN OF FARMINGTON et al., Respondents.— ■

Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.