Ralph BROOKS, Plaintiff-Appellee,

v.

William WOOTTON, Defendant-Appellant.

No. 186, Docket 29819.

United States Court of Appeals
Second Circuit.

Argued Dec. 10, 1965.

Decided Jan. 18, 1966.

Arthur N. Seiff, New York City (William P. Kennedy, New York City), for defendant-appellant.

Alfred S. Julien, New York City, for plaintiff-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

Brooks, the plaintiff in this diversity action in the District Court for the Southern District of New York, was injured in an automobile accident in January 1958. Late on a clear and dry night, he was driving north on the eastern lane of a three-lane highway approaching a curve bearing to the left. He observed a car, driven by defendant Wootton, proceeding south around the curve at a speed of 40 miles per hour. The oncoming car began to weave, crossing first into the middle and then into the eastern lane. Thinking Wootton was going off the highway, Brooks turned toward the middle lane, but Wootton managed to stay on the road and the vehicles collided. Brooks suffered various injuries, the only one having permanent effect being a dislocation of the right knee. A pretrial order, filed in April 1963, recited a concession by the defendant that he had

been convicted for driving while intoxicated at the time of the accident, New York Vehicle and Traffic Law, McKinney's Consol. Laws, c. 71, § 70, along with an issue as to the admissibility of the conviction. The order listed the other issues as the usual ones of negligence, contributory negligence, and the extent of the injuries; nothing was said about recklessness, although the complaint had alleged this, or about any claim for punitive damages.

When the case came on for trial before Judge Cannella on a Wednesday afternoon nearly two years later, before a jury was impaneled defense counsel recounted that he had already informed the court and opposing counsel that he would admit liability for negligence, thereby leaving only the issue of damages for trial, but that plaintiff's attorney insisted on offering evidence as to the conviction for intoxication in an effort to obtain punitive damages. He urged that no such issue was open under the pretrial order. The judge reserved decision until Thursday morning, and then announced he was "allowing amendments by everybody." Taking account of defense counsel's plea that, believing the sole issue to be that of damages, he had not anticipated bringing Wootton into court, the judge said he would keep the trial open to afford the defense an opportunity to obtain witnesses on the issue of recklessness and that, as to Wootton who was said to be upstate, counsel should "make every effort to get this man down here by Monday."[1] The trial did last into Monday but Wootton was not called and no request for a continuance was made. The jury awarded $15,000 in compensatory and $6,500 in punitive damages.

■ The principal point raised on appeal is the propriety of permitting the plaintiff to offer proof on an issue not included in the pretrial order. F.R. Civ.P. 16 permits the trial judge to modify such an order "to prevent manifest injustice." We have recognized that "an unswerving insistence upon every provision of a pre-trial order, under certain circumstances, may cause injustice," Scott v. Spanjer Bros., Inc., 298 F.2d 928, 931, 95 A.L.R.2d 383 (2 Cir. 1962). Until just before the trial, plaintiff's attorney had every right to expect that he would be able to show all the circumstances of the accident, including Wootton's conviction of driving while intoxicated, see Knibbs v. Wagner, 14 A.D.2d 987, 222 N.Y.S.2d 469 (4th Dept. 1961), and cases cited therein; he could reasonably anticipate that if the evidence thus developed should prove to warrant the award of punitive damages, he would be entitled at that stage to amend the pleadings to conform to the proofs under F.R.Civ.P. 15(b). See Rosden v. Leuthold, 107 U.S.App.D.C. 89, 274 F.2d 747, 749–750 (1960). In this context, where defendant's counsel was fully aware that the plaintiff intended to introduce evidence of the prior conviction and intoxication, preclusion of such evidence by an eleventh-hour concession would cause precisely that manifest injustice for which modification of pretrial orders was provided. Since the judge took appropriate measures to avoid prejudice from unfair surprise, we need not consider whether if defense counsel had shown that some further time was required to produce Wootton, denial of a reasonable request for a continuance would have been an abuse of discretion.

■■ Defendant's other points need even less comment. Whether or not the fact of driving while intoxicated suffices of itself to prove the wilful or wanton conduct required to support an award of punitive damages under New York law, see Knibbs v. Wagner, supra,[2] the evidence warranted such a finding here. As for the alleged prejudicial error of not

---

1. The complaint alleged that Wootton was a resident of Ulster County, a few hours' drive from New York City.

2. See also Annotation, 3 A.L.R.2d 212 (1940), and supplements; Note, 25 Fordham L.Rev. 493 (1956); Morris, Punitive Damages in Personal Injury Cases, 21 Ohio St.L.J. 216 (1960).

permitting defendant's medical expert to reexamine the plaintiff, it would have been better to permit a complete examination out of the presence of the jury; in view of the emphasis by the plaintiff's attorney and the court on the fact that the doctor's testimony was based on observations made seven years ago. Nevertheless, the court's requirement that the doctor's examination before the jury should be made in the same way as that of the plaintiff's expert, was within the latitude necessarily accorded to trial judges in regulating this type of incident to a trial.

Affirmed.