■ OLA M. BROWN, Individually and as Administratrix of the Estate of CARL JOHNSON, JR., Deceased, Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 18, 1971, in favor of defendant Board of Education upon the trial court's dismissal of the complaint at the end of the entire case upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. In our opinion, there was sufficient proof presented from which the jury could have concluded that the defendant Board of Education's failure to follow its own safety rules, calling for the implementation of a "buddy system" and a periodic "counting" of the children in a Board of Education swimming pool, constituted a breach of the board's duty to provide adequate supervision. Further, it cannot be said as a matter of law that the failure of the board to follow the above regulations was not the proximate cause of the death of plaintiff's son (cf. 41 N. Y. Jur., Negligence, § 29). Rabin, P. J., Hopkins, Munder, Latham and Christ, JJ., concur.

■ PATRICK J. BURKE, Appellant, v. TOWER EAST RESTAURANT et al., Defendants, and FATHERS RESTAURANTS, INC., Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) a verdict of a jury in favor of defendant Fathers Restaurants, Inc., (2) a purported order denying plaintiff's motion to set aside the verdict and (3) a judgment of the Supreme Court, Queens County, entered March 5, 1970, in favor of said defendant, upon the verdict. Appeals from the verdict and the purported order dismissed, without costs. No appeal lies from a verdict. No such order was made. Judgment reversed, on the law and new trial granted, with costs to abide the event. The questions of fact have not been considered. The question of whether appellant fell down a flight of stairs in respondent's premises due to a defect in the stairs or his own intoxication was a key issue in the trial. Counsel for the defense dwelled on it at great length. The trial court permitted testimony of plaintiff's witnesses showing that they observed plaintiff for several hours prior to the accident. The court also permitted testimony of these witnesses that showed the manner of plaintiff's actions in walking and speech. The court, however, did not permit these witnesses to state their opinions as to whether plaintiff was sober or drunk. We hold this to be reversible error. It is the rule in this jurisdiction that lay witnesses who have sufficiently observed the actions of a person may testify categorically that the latter was sober or intoxicated (*Felska* v. *New York Cent. & Hudson Riv. R. R. Co.*, 152 N. Y. 339; *Donahue* v. *Meagley*, 220 App. Div. 469; Richardson, Evidence [9th ed.], § 384, par. [h]). Under the circumstances of this case it cannot be said that the exclusion of this testimony was harmless error (cf. *Oliver* v. *Schreiber*, 32 A D 2d 790). Rabin, P. J., Hopkins, Munder, Latham and Christ, JJ., concur.