Charles H. Cohen, J.
Defendant, at about 1:45 a.m. on April 18, 1973, while driving his automobile upon a public highway, apparently alone, ran into, and damaged, plaintiff’s automobile, *23 which was parked along the highway. Defendant conceded liability.
With respect to plaintiff’s claim for compensatory damages, both sides produced expert testimony concerning the damage to plaintiff’s automobile. After hearing and evaluating the testimony, the court finds that the difference between the reasonable value of plaintiff’s automobile immediately before and immediately after it was damaged was $400, and that the reasonable cost of repairs necessary to restore it to its former condition was an amount in excess of $400. Accordingly, since this item of damage cannot, exceed the lesser of those amounts (Gass v. Agate Ice Cream, 264 N. Y. 141), plaintiff is awarded compensatory damages of $400.
Plaintiff further seeks to recover punitive damages based upon her claim that defendant was driving his automobile on the public highway while intoxicated. In support of this claim, both plaintiff and a friend, one Catherine Latasso, testified that they observed defendant right after impact and for some time thereafter. They each described what they observed. Latasso further testified that she observed an empty liquor bottle on the back seat of defendant’s automobile. Plaintiff testified that the next morning, upon defendant’s arraignment following his arrest, he asked her if she was his attorney, despite the fact that she had been with him about one and one-half hours the night before. Both plaintiff and Latasso expressed the opinion that defendant was intoxicated when they observed him after the impact. The court finds that there was a proper foundation for their testimony and that this testimony was competent evidence to show that defendant was intoxicated. (Felska v. New York Cent. & Hudson Riv. R. R. Co., 152 N. Y. 339, 344; Burke v. Tower East Rest., 37 A D 2d 836; Donahue v. Meagley, 220 App. Div. 469; Molissani v. Commodore Laundry Serv. Corp., 152 Misc. 270.) The only other witness who testified on this point was the police Officer who arrived at the scene after the impact and arrested defendant for driving while intoxicated. He testified that he reached no -conclusion with respect to defendant’s intoxication. Unlike plaintiff and Latasso, both of whom the court finds to be forthright and witnesses of high credibility, the court finds that this police officer was evasive and unworthy of belief. Upon all of the testimony presented there is sufficient basis for the court to find that defendant was driving an automobile on the public highway while intoxicated at the time of the impact.
Further, the defendant did not testify at all and no explanation for his failure to testify was given. Thus, while the court, as the *24 trier of the facts, may not speculate as to what his testimony would have been, “the strongest inferences may he drawn against him which the opposing evidence in the record permits ”. (Noce v. Kaufman, 2 N Y 2d 347, 353.) The opposing evidence, as appears from the testimony of plaintiff and Latasso — witnesses of high credibility — indicates that defendant was driving while intoxicated. The court finds that at the time of the impact defendant was driving an automobile on the public highway while intoxicated.
The general rule as to the allowance of punitive damages has been set forth in Walker v. Sheldon (10 N Y 2d 401, 404) as follows: ‘ ‘ Punitive or exemplary damages have been allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant hut to deter him, as well as others who might otherwise he so prompted, from indulging in similar conduct in the future. * * * Moreover, the possibility of an award of such damages may not infrequently induce the victim, otherwise unwilling to proceed because of the attendant trouble and expense, to take action against the wrongdoer. Indeed, such self-interest of the plaintiff has been characterized as ‘ Perhaps the principal advantage ’ of sanctioning punitive damages because it ‘ leads to the actual prosecution of the claim for punitive damages, where the same motive would often lead him to refrain from the trouble incident to appearing against the wrongdoer in criminal proceedings ’. (McCormick, Damages [1935], pp. 276-277.) ” While, as pointed out in that case (p. 404), ‘1 The list of actions in which punitive damages haye been permitted in this State is long ’ ’, it is argued on behalf of defendant that there is no authority for the award of such damages in an action for property damage caused by a party who was driving while intoxicated.
In Knibbs v. Wagner (14 A D 2d 987), the court, in denying a motion to strike certain allegations from a complaint, declared that a cause of action for punitive damages was stated by alleging that there was “ ‘ gross, wilful and wanton negligence ’ ” in defendant’s driving his automobile after “ ‘ voluntarily getting drunk ’ ”. After considering the particular facts in the instant case, including the manner in which the impact occurred and the empty liquor bottle found in defendant’s car, the court finds that defendant was guilty of “gross, wilful and wanton negligence” in driving his automobile after “voluntarily getting drunk”. The argument advanced on behalf of defendant that since liability was conceded the court cannot make a finding of *25 gross negligence is without logic or any reasonable basis, and is rejected. It would be ludicrous to believe that one could thwart a finding of gross, willful and wanton negligence merely by conceding liability. (Cf. Brooks v. Wootton, 355 F. 2d 177.)
Moreover, while the court in Knibbs v. Wagner (supra) declined “ to decide as an abstract matter whether driving while intoxicated is a sufficient basis for an award of punitive damages ” (cf. Brooks v. Wootton, supra), this court, under the rule announced by the Court of Appeals in Walker v. Sheldon (supra) believes that it is. The question is whether, in the words of Walker v. Sheldon (10 N Y 2d 401, 404, supra), the conduct of the defendant was “ morally culpable.” (The other test set forth therein [p. 404], actuation “by evil and reprehensible motives ”, would not be applicable here.)
Defendant’s conduct would constitute a violation of section 1192 of the Vehicle and Traffic Law. By virtue of subdivision 5 of that section, such a violation is a misdemeanor or a felony and, accordingly, a crime (cf. Penal Law, § 10.00, subd. 6). The Court of Appeals many years ago indicated that criminal conduct would justify the imposition of punitive damages. In Cleghorn v. New York Cent. & Hudson Riv. R. R. Co. (56 N. Y. 44, 48), a case involving intoxication, it declared that to justify punitive damages, gross misconduct must be shown which is something “more than ordinary negligence “it must be reckless and of a criminal nature and clearly established.” Certainly, one engaging in conduct which, by virtue of the public policy of this State, as enunciated in its statutes (see South & Cent. Amer. Commercial Co. v. Panama R. R. Co., 237 N. Y. 287, 291), constitutes a misdemeanor or a felony, is engaging in ‘ ‘ morally culpable ” conduct. That there may be criminal liability on the part of defendant does not foreclose the imposition of punitive damages. (Cooper v. Mallory, 51 Misc 2d 749; see Walker v. Sheldon, 10 N Y 2d 401, 404, supra; Cleghorn v. New York Cent. & Hudson Riv. R. R. Co., supra.) The possible imposition of a civil penalty in the form of punitive damages may well be, at least as to some drivers, a more effective deterrent than any possible criminal penalty which may be imposed. (See Walker v. Sheldon, supra, p. 404.)
The particular conduct involved herein, driving while intoxicated, is not only criminal but, as appears from the 1968 Alcohol and Highway Safety study of the United States Department of Transportation, is the cause of an estimated one half of the deaths, injuries and property damage occurring every year on the nation’s highways. This means that in 1971, when about *26 54,000 persons were killed and about 4,700,000 persons were injured in motor vehicle accidents (Statistical Abstract of IT. S., 1973), intoxicated drivers caused the death of some 27,000 persons and caused injuries to some 2,350,000 persons. Thus, the moral culpability of this conduct is overwhelming. The court, accordingly, determines that this is a situation in which punitive damages may be awarded by the trier of the facts. For a general discussion of this problem, see Liability of An Intoxicated Driver For Punitive Damages, 25 Fordham L. Rev. 493 and for a review of cases, see 3 ALR 2d 212.
After considering the facts of this case, the court, as the trier of the facts, in the exercise of its discretion (Walker v. Sheldon, supra, p. 405), determines that punitive damage should be awarded. In determining the amount to be awarded, which amount apparently has no necessary or direct relationship to the compensatory damages awarded, the court recognizes that punitive damages are imposed “ not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct ” (Walker v. Sheldon, supra, p. 404). Keeping in mind that the conduct involved herein is an all too common one, posing a great threat not only to the safety but to the life of each member of the “general public” (see Walker v. Sheldon, supra, p. 406), the court awards punitive damages of $1,000 in favor of plaintiff against defendant.
Accordingly, the court directs that judgment be entered in favor of plaintiff against defendant in the sum of $1,400 with interest on $400 thereof from April 18, 1973.