**KARDELL FOOTWEAR, INC., Plaintiff,**

v.

**Nate THURMOND et al., Defendants.**

**No. 74 Civ. 981.**

United States District Court,
S. D. New York.

Aug. 4, 1976.

Squadron, Ellenoff & Plesent, New York City, for plaintiff; Neal M. Goldman, New York City, of counsel.

Gifford, Woody, Carter & Hays, New York City, for defendant, Nate Thurmond; Paul Falick, New York City, of counsel.

No appearance for defendant Ronald Katz.

### MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

So far as here relevant, the complaint states two causes of action, one for goods sold and delivered and a second for fraud.

The actual damages alleged in each cause of action are identical, but the one charging fraud asks an additional award of punitive damages.

The action was originally brought against several defendants. At or before trial, the action had been withdrawn against all except Thurmond and Katz, and a default judgment in the full amount of the actual damages had been entered against Katz. No claim of fraud having been alleged against Thurmond, the trial proceeded against him on the first cause of action and was deemed an inquest against Katz on the claim for punitive damages. At the close of trial, we dismissed the complaint as against Thurmond, and reserved decision on the claim against Katz. We conclude that, under New York law, this is not an appropriate case for punitive damages.

The controlling New York case is *Walker v. Sheldon* (1961), 10 N.Y.2d 401, 223 N.Y.S.2d 488, 179 N.E.2d 497 where the Court of Appeals in a 4–3 decision established that where plaintiff alleged and proved that a defendant had engaged in "defrauding the general public" and in perpetrating a "gross and wanton fraud *upon the public*" (emphasis ours), punitive damages were recoverable (10 N.Y.2d at 406, 223 N.Y.S.2d at 492, 179 N.E.2d at 500). The dissenting opinion protested the extension of punitive damages to actions based on fraud on the ground, among others, that it would be difficult to determine "to what extent a defendant is defrauding *other members of the public* besides the plaintiff" (emphasis ours) (10 N.Y.2d at 409, 223 N.Y.S.2d at 494, 179 N.E.2d at 501).

In the instant case plaintiff clearly established that the fraud practiced upon it—getting credit by supplying a glowing Dun and Bradstreet report on a non-existent corporation listing supposed officers and directors who were in no way connected with defendant's enterprise—was gross and wanton. However, there is not a word in the complaint to suggest that defendant had ever defrauded any "other members of the public".

Upon the trial, plaintiff did offer in evidence an indictment which charged numerous frauds on the public, to which indictment defendant had pleaded guilty before a judge of this court and upon which plea defendant is now serving a prison sentence. However, that circumstance raises another objection mentioned by the dissenters in *Walker v. Sheldon*, namely that the allowance of punitive damages might involve multiple punishment for the same offense (10 N.Y.2d at 408–409, 223 N.Y.S.2d at 494, 179 N.E.2d at 501). The majority did not deal directly with this objection, but apparently thought it more theoretical than real, observing that punitive damages might bring offenders to justice where a wronged party might otherwise " 'refrain from the trouble incident to appearing against the wrongdoer in criminal proceedings' " (10 N.Y.2d at 404, 233 N.Y.S.2d at 490, 179 N.E.2d at 498).[1] We cannot believe that the majority would have sanctioned the imposition of the punishment of punitive damages in a situation where—as here—the evidence necessary to support such damages was a judgment of conviction pursuant to which the defendant had already been imprisoned.

In the event there should be a successful appeal in this case, we would simply note that if punitive damages were deemed to be appropriate we should find plaintiff's request for $15,000 to be altogether reasonable. However, we also note that the concluding paragraph in plaintiff's letter of August 3, 1976 aptly illustrates our difficulty with its position. Plaintiff there states:

"Where, as here, plaintiff has lost almost $28,000 and has incurred legal fees of almost $14,000 by reason of Katz' fraud, and where Katz is guilty of flagrantly defrauding plaintiff and more than ten others of more than $200,000, it is both

---

1. See also *Colligan v. Fera* (Civ.Ct. Queens Co. 1973) 76 Misc.2d 22, 349 N.Y.S.2d 306, 307 where the court allowed punitive damages for criminal conduct, apparently on the theory that

it would be more likely to be imposed—and hence a more effective deterrent—than a criminal penalty.

reasonable and equitable to assess punitive damages against him in the sum of at least $15,000."

The difficulty is that it is precisely for having defrauded "plaintiff and more than ten others of more than $200,000" that the defendant has already been punished by a sentence imposed by a judge of this court. Even if we were to assume, *arguendo*, that such sentence had been grossly inadequate it would still be inappropriate for us now to supplement it.[2]

Accordingly, plaintiff's request for punitive damages against defendant Katz must be denied, and the complaint is dismissed as to all other defendants. The default judgment previously entered against Katz remains in effect.

SO ORDERED.

---

2. The situation would be wholly different were there some provision in New York law for the award of the costs of litigation—including attorneys' fees—in favor of a victim of fraud. By the modesty of its present request, plaintiff blunts this essential difference. However, the legal theory would be the same had the plaintiff stood on its original demand of $267,000 and asked a jury to award that amount as just punishment for defendant's misdeeds.