OPINION of the court
Memorandum.
The order of the Appellate Division should be reversed, with costs, and a new trial granted.
Although there was sufficient evidence presented to support the trial court’s determination that defendant was negligent and should be held liable for plaintiff decedent’s injuries, the trial court improperly excluded evidence relating to the possibility of contributory negligence on the decedent’s part and stifled development of the record on that issue. A finding that the decedent was intoxicated at the time he fell from the subway platform to the tracks and thereby contributed to his own injuries would, indeed, be relevant in determining the extent of defendant’s liability in this case (see Coleman v New York City Tr. Auth., 37 NY2d 137, 144). Yet, the trial court refused to admit a Transit Authority officer’s report, based on first-hand observation, that was probative of the decedent’s condition. In other instances, the court cut short defendant’s attempt to cross-examine witnesses about their opinions as to whether the decedent was intoxicated at the time of the incident (see People v Eastwood, 14 NY 562, 566; Richardson, Evidence [Prince, 10th ed], § 364, subd [h]). These errors served to prejudice defendant’s case that its liability may be proportionately reduced by the decedent’s culpable conduct.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.