OPINION OF THE COURT
Jeffry H. Gallet, J.
At issue here is whether, as part of her examination of an expert "validator” in a child abuse proceeding, an Assistant Corporation Counsel may ask the expert’s opinion on whether or not he believes the child/complainant told the truth in relating her allegations of sexual abuse.
*1067 FACTS
Sondra has resided with her aunt virtually all of her troubled life. During her first 14 years, she was a psychiatric inpatient at Manhattan Children’s Psychiatric Center (MCPC), Metropolitan Hospital, New York Hospital/Payne-Whitney Clinic, Bellevue Hospital, Mt. Sinai Hospital and Columbia Presbyterian Hospital. She was diagnosed as being psychotic on several occasions.
Among the allegations in the petition are a charge against her uncle for sexually molesting her and against her aunt for failing to protect her from sexual molestation by her uncle, her cousin, and a psychiatrist at MCPC. The petitioner’s first witness was the child’s therapist at MCPC, Dr. Jonathan Kurfirst. Dr. Kurfirst, a Ph. D. in psychology and a New York State licensed psychologist, has considerable experience in the treatment of adolescents and was qualified as an expert witness. During his extensive testimony, Dr. Kurfirst testified as to the child’s statements to him (Family Ct Act § 1046 [a] [vi]), his diagnosis and treatment of the child, various symptoms and behavioral patterns of sexually abused children and the effect of her borderline personality disorder on the child’s ability to tell the truth at certain specific times.
The Corporation Counsel asked Dr. Kurfirst whether, in his opinion, the child was telling the truth when she told him of the incidents of sexual abuse. Both respondents objected to the question and the objection was sustained.
EXPERT TESTIMONY — GENERALLY
Under varying circumstances, opinion testimony can be elicited from both "expert” and "lay” witnesses. (See generally, Shaw, Canudo on Evidence Laws of New York, at 192-206B [Gould Pubs 1988].) Lay witnesses have been permitted to give expert opinions on areas of general knowledge such as the emotional state of people being observed (Pearce v Stace, 207 NY 506), another person’s age (Hartshorn v Metropolitan Life Ins. Co., 55 App Div 471), the estimated speed of an automobile (Marcucci v Bird, 275 App Div 127; People v Heyser, 2 NY2d 390) and whether a person appeared to be intoxicated, feeble or ill (Rawls v American Mut. Life Ins. Co., 27 NY2d 282; Allen v Glens Falls Ins. Co., 5 AD2d 1020; Burke v Tower E. Rest., 37 AD2d 836). However, most opinion testimony is rendered by "experts”.
An expert is a person with sufficient background, experience *1068 and/or study to express an opinion on questions of fact relating to skills, science, medicine, business or technology not within the range of ordinary training or experience. (Meiselman v Crown Hgts. Hosp., 285 NY 389; Dougherty v Milliken, 163 NY 527.) The scope of expert testimony is limited by the "Frye rule” which holds that "while courts will go a long way in admitting expert testimony deduced from a well-recognized scientific principle or discovery, the thing from which the deduction is made must be sufficiently established to have gained general acceptance in the particular field in which it belongs.” (Frye v United States, 293 F 1013, 1014; People v Hughes, 59 NY2d 523.) The basis for the opinion must reflect an acceptable level of certainty and exclude speculation or guesswork. (De Long v County of Erie, 60 NY2d 296; Matott v Ward, 48 NY2d 455.)
EXPERT TESTIMONY — PSYCHOLOGICAL
It is beyond cavil that expert psychiatric and psychological testimony is admissible in cases dealing with the sexual abuse of children. (Matter of Nicole V., 71 NY2d 112; People v Keindl, 68 NY2d 410.) The questions which must be decided in each case are the qualifications of the particular "expert” rendering the testimony and its admissibility under the general rules dealing with opinion evidence.
The American Psychiatric Association publishes the Diagnostic and Statistical Manual of Mental Disorders (3d ed rev), commonly known as "DSM-III-R”. That volume, which is generally accepted in the medical and psychological communities, sets forth the diagnostic criteria for mental illnesses. The strongest psychological opinion evidence would, therefore, be a diagnosis made by a psychiatrist or licensed psychologist of an illness defined in DSM-III-R. Indeed, it would seem that that diagnosis could appropriately be made by a psychiatrist or psychologist who had never before seen the particular ailment. (Matter of Lou R., 131 Misc 2d 138 [Fam Ct, Onondaga County 1986].)
Unfortunately, we live in an imperfect world and frequently less than perfect expert testimony is elicited. When properly qualified, school psychologists, psychologists who have not yet met the rigorous State licensing requirements, and social workers, after each has demonstrated the requisite background, have been permitted to opine in the psychiatric and psychological area. In addition, opinions given often do not reach the certainty of a full DSM-III-R diagnosis.
*1069 VALIDATION TESTIMONY
The term "validation testimony” is misleading. What it is generally considered to refer to is expert psychiatric or psychological testimony of a mental illness or unusual behavioral manifestation which would lead an expert to believe that a child has suffered sexual abuse. As with all expert testimony, it must be assigned appropriate weight by the trier of the facts and considered in making a final determination.
The area of validation testimony is complicated by the fact that child abuse is rarely done in front of witnesses and frequently leaves no physical evidence. Many of the victims of child abuse are by definition of an age where they either cannot give sworn testimony or cannot accurately recall and report incidents that happened sometime before. Accordingly, the Legislature enacted Family Court Act § 1046 (a) (vi). That section permits a court to receive the child’s hearsay statements. It further mandates, however, that a finding cannot be made absent corroboration.
Family Court Act § 1046 (a) (vi) provides that the child’s statements can be corroborated by evidence "tending to support the reliability” of such hearsay. The so-called "validation” testimony is merely corroboration evidence.
Unfortunately, some lawyers have ascribed a mystical quality to the term "validation testimony.” They are not correct. Validation testimony is medical, psychological and/or behavioral evidence. It is required to meet the same tests for admissibility as any other expert testimony. For example, if a child told a police officer or a protective caseworker that his father slashed him on the shoulder with a razor, the court could receive as corroboration testimony a statement from a physician that she or he treated a slash wound on the child’s shoulder and that the wound was consistent with a razor cut.
Similarly, if a child tells a police officer or a protective caseworker that she was sexually abused by her father, a court can receive a diagnosis of posttraumatic stress disorder, a recognized DSM-III-R diagnosis which is consistent with sexual abuse. A proper diagnosis of mental illness is equal to a proper diagnosis of physical illness or injury.
Less conclusive medical or scientific evidence would be admissible in either case. In the first example, the court would accept evidence of scarring, residual pain, restricted arm movement and other similar, but less conclusive, evidence of a slash wound. Similar, less than perfect evidence has been *1070 accepted as "validation” testimony in sexual abuse cases. (Matter of Nicole V., supra; Matter of Rose B., 79 AD2d 1044; Matter of E. M., 137 Misc 2d 197; Matter of Michael G., 129 Misc 2d 186.)
The "validation” testimony of physicians (Matter of Rose B., supra; Matter of Michael G., supra), school psychologists (Matter of Linda K., 132 AD2d 149; Matter of Rose B., supra), child protective caseworkers (Matter of Nicole V., supra), Sheriffs Deputies (Matter of Nicole V., supra), nurses (Matter of Rose B., supra), psychologists (Matter of E. M., supra) and social workers (Matter of Rose B., supra; Dutchess County Dept. of Social Servs. v Bertha C., 130 Misc 2d 1043; Matter of Tara H., 129 Misc 2d 508) has been accepted as to such matters as academic behavior (Matter of Rose B., supra; Dutchess County Dept. of Social Servs. v Bertha C., supra), affect (Matter of Tara H., supra), anxiety, fearfulness and acting out (Matter of Ryan D., 125 AD2d 160), fear of the alleged abuser (Matter of Tara H., supra), age inappropriate sexual knowledge (Matter of Melissa M., 136 Misc 2d 773), and behavioral changes generally (Matter of Michael G., supra), to corroborate allegations of sexual abuse.
Here, the Commissioner asks to go beyond those areas and elicit a psychologist’s opinion as to whether the psychologist believed the child’s account of certain events. No additional attempt was made to qualify Dr. Kurfirst as an expert in credibility beyond his qualification as an expert psychologist and an expert in treating mentally ill adolescents.
EXPERT TESTIMONY — CREDIBILITY
In New York State the general rule is that all questions of credibility are left to the finder of the facts. (People v Ciaccio, 47 NY2d 431; People v Williams, 6 NY2d 18.) The question presented here is whether a psychologist, trained in the art/ science of human behavior, may vouch for credibility of another witness.
The United States Court of Appeals for the Ninth Circuit was faced with the same problem in United States v Barnard (490 F2d 907) and it answered the question (at 912-913) as follows: "It is now suggested that psychiatrists and psychologists have more of this expertise than either judges or juries, and that their opinions can be of value to both judges and juries in determining the veracity of witnesses. Perhaps. The effect of receiving such testimony, however, may be two-fold: *1071 first, it may cause juries to surrender their own common sense in weighing testimony; second, it may produce a trial within a trial on what is a collateral but still an important matter. For these reasons we, like other courts that have considered the matter, are unwilling to say that when such testimony is offered, the judge must admit it.”
A psychologist may, however, give testimony about a party’s ability to recall, report or tell the truth, short of an opinion on whether or not she or he believes the witness. (People v Reid, 123 Misc 2d 1084.) Generally, an expert could testify, as was received here, that the person was not psychotic at a time a particular statement was made and therefore had the ability to differentiate between reality and fantasy. It would appear that an expert might also testify as to whether a child of a particular age had the ability to perceive, remember and report at a particular developmental stage or whether a person of a significantly low I.Q. has the ability to understand the question. (See, People v Fisher, 73 AD2d 886, affd 53 NY2d 907; People v Parks, 41 NY2d 36; People v Reid, supra.)
There is no basis, at this time, to conclude that a psychologist is significantly more able to determine whether one is telling the truth than a layperson. Consequently, where, as here, the witness in question testified to the court, the determination of her credibility should properly be left with the court as finder of the fact.
Assuming the child had not testified, and that possibility existed in this case at the time the question was asked of Dr. Kurfirst, my holding would be the same. The ultimate issue of credibility remains for the finder of the facts. However, the person recounting the child’s testimony, be it an expert or lay witness, may testify as to the child’s affect and behavior while telling the story. That person, under appropriate circumstances, could testify, for example, whether the child was fidgeting or still, whether the child spoke in a monotone or with emotion, whether the child had a twitch or blush or generally whether the child acted differently from the way the child normally acts. The ultimate burden, however, would still remain with the finder of the fact to assess credibility.
Courts in other jurisdictions have held similarly that opinions as to the credibility of witnesses are not admissible. (United States v Azure, 801 F2d 336 [8th Cir 1986]; State v Brotherton, 384 NW2d 375 [Iowa 1986]; State v Myers, 382 NW2d 91 [Iowa 1986]; State v Buell, 22 Ohio St 3d 124, 489 *1072 NE2d 795 [1986]; State v Brodniak, 221 Mont 212, 718 P2d 322 [1986]; United States v Barnard, supra.)
DECISION
Accordingly, the objection is sustained and the witness may not answer as to whether or not he believes the child was telling the truth.