■ MADDALENA CHIODI, Respondent, v ALI M. SOLIMAN, Defendant, and ESSAM E. ATTIA et al., Appellants.—Judgment of the Supreme Court, Bronx County (Luis Gonzalez, J.), entered on May 8, 1990, which, following a jury trial, awarded plaintiff Maddalena Chiodi the sum of $300,000 plus interest and disbursements, is unanimously affirmed, without costs and disbursements.

Plaintiff Maddalena Chiodi was a passenger in the automobile of her son, defendant Dominick R. Chiodi, on October 4, 1987 when his vehicle slammed into a car owned and operated by defendant Ali M. Soliman, causing her to sustain personal injuries. At the time of the accident, which occurred in the middle of the night, the roadway was wet as it was raining heavily. Defendant Essam E. Attia, after losing control of his vehicle, was changing the tire of his car, which was located in the left lane of a southbound portion of the Bronx River Parkway. In an effort by Soliman to avert colliding with Attia's car, his automobile spun around, thus resulting in his car being hit by the one belonging to Chiodi. Plaintiff commenced an action against the drivers of all three vehicles, which matter eventually came to trial before a jury. At the conclusion thereof, the jury, finding defendant Chiodi 40 percent liable, defendant Attia 35 percent responsible and defendant Soliman 25 percent liable, awarded plaintiff damages in the amount of $300,000.

Chiodi and Attia have appealed, challenging the apportionment of liability and the propriety of the court's instructions to the jury. They also seek reduction of the damages on the ground of excessiveness. However, an examination of the record herein does not reveal the existence of reversible error nor any basis for disturbing the monetary award. In that regard, it is axiomatic that the assessment of the weight of the evidence and the credibility of the witnesses is the func-

tion of the trier of the facts, whose determination should not be set aside where, as in the situation herein, it is supported by a fair interpretation of the evidence (see, *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 46 NY2d 528; *Schottenfeld v Schottenfeld*, 152 AD2d 690; *Levy v Levy*, 143 AD2d 975; *Ellison v New York City Tr. Auth.*, 98 AD2d 659, *revd on other grounds* 63 NY2d 1029). Clearly, the proof introduced at trial was sufficient to demonstrate negligence on the part of each of the drivers involved in the subject accident, and the jury's division of responsibility was certainly not unreasonable. Further, there is no merit to the claim that the court's charge to the jury requires reversal simply because the Judge instructed the members of the panel on the applicable provisions of the Vehicle and Traffic Law with which the three defendants were obliged to comply at all times. Similarly, contrary to the contention of defendant Attia that his conduct before his vehicle became disabled was not relevant insofar as his liability is concerned, it is surely significant for the jury to have considered the totality of the manner in which he operated and controlled his vehicle prior to the accident in question. Finally, we do not perceive the award of damages to be excessive under the circumstances of this case and, accordingly, decline to reduce it. Concur—Carro, J. P., Milonas, Rosenberger and Kupferman, JJ.