Brooks v Blanchard (2019 NY Slip Op 05847)





Brooks v Blanchard


2019 NY Slip Op 05847


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


111 CA 18-01646

[*1]CATHERINE A. BROOKS AND STEPHEN G. BROOKS, PLAINTIFFS-APPELLANTS,
v
SARAH C. BLANCHARD, DEFENDANT-RESPONDENT. 






JOHN J. FROMEN, ATTORNEYS AT LAW, SNYDER, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
SCHNITTER CICCARELLI MILLS PLLC, WILLIAMSVILLE (RYAN J. MILLS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment and order (one paper) of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered February 1, 2018. The judgment and order denied the motion of plaintiffs to set aside a jury verdict and for a new trial. 
It is hereby ORDERED that the judgment and order so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted, the verdict is set aside and a new trial is granted.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries allegedly sustained by plaintiff Catherine A. Brooks (Catherine) when she was in a vehicle that was struck by a vehicle operated by defendant. Following a trial on the issue of liability, the jury found defendant 10% liable for the accident and Catherine 90% liable. Supreme Court denied plaintiffs' posttrial motion to set aside the verdict and entered a judgment in defendant's favor on the issue of liability on the basis of that verdict. Plaintiffs appeal, and we reverse.
At trial, the parties presented vastly divergent accounts of the manner in which the accident occurred and what happened after the collision. Catherine testified that she was seated in her vehicle, which was parked on the side of the road, when defendant's vehicle side-swiped her stationary vehicle from behind and continued driving. According to defendant's testimony, however, defendant was traveling along the road at the posted speed limit of 30 miles per hour when Catherine's vehicle backed out of a driveway and suddenly entered defendant's lane of travel, thereby causing the collision. Defendant testified that she attempted to avoid Catherine's vehicle by swerving to the left, applying her brakes, and sounding her horn. Plaintiff Stephen G. Brooks (Stephen), on the other hand, testified that he was standing 25 feet away from the location of the accident and that he saw Catherine's vehicle parked against the curb and he observed defendant's vehicle traveling towards Catherine's parked vehicle at a "faster rate of speed." Stephen further testified that he did not hear the sound of a horn or the screeching of brakes prior to the accident. Also, defendant testified that, although she did not immediately stop after striking Catherine's vehicle, she stopped "at the end of the block" and exchanged contact and insurance information with Stephen. Stephen, however, testified that defendant "took off," and that, after Catherine got out of her vehicle, he got into the vehicle and chased after defendant, beeping the horn, yelling, and flashing his lights. According to Stephen's testimony, defendant turned five times and traveled down many different streets before she finally stopped.
We agree with plaintiffs that the court erred in excluding Stephen's testimony that defendant exhibited indicia of intoxication during their interaction immediately after the accident and that, in his opinion, she was intoxicated. Although defendant's failure to remain at the scene meant that Stephen was the only witness who had an opportunity to observe defendant and [*2]interact with her after the accident, the court prohibited Stephen from testifying about his observations of defendant on the ground that he was not an "expert" in signs of intoxication. Contrary to the court's ruling, it is well settled that a lay witness may testify regarding his or her observation that another individual exhibited signs of intoxication (see Felska v New York Cent. & Hudson Riv. R.R. Co., 152 NY 339, 343-344 [1897]; see also Jerome Prince, Richardson on Evidence § 7-202 [h] [Farrell 11th ed 1995]), and also regarding his or her opinion that another individual was intoxicated (see Felska, 152 NY at 344; Bhowmik v Santana, 140 AD3d 460, 461 [1st Dept 2016]; Burke v Tower E. Restaurant, 37 AD2d 836, 839 [2d Dept 1971]). Although " [t]rial courts are accorded wide discretion in making evidentiary rulings [and], absent an abuse of discretion, those rulings should not be disturbed on appeal' " (Mazella v Beals, 27 NY3d 694, 709 [2016]; see generally People v Acevedo, 136 AD3d 1386, 1387 [4th Dept 2016], lv denied 27 NY3d 1127 [2016]), we conclude that the ruling at issue here was an abuse of discretion.
Here, the jury was asked, inter alia, to determine whether defendant was negligent and whether any such negligence was a substantial factor in causing the collision, and to apportion liability. To make those determinations, the jury was required to evaluate the conflicting testimony of the witnesses regarding what occurred before, during, and after the collision. Inasmuch as the jury's findings depended on their determinations of the credibility and reliability of the witnesses, evidence of defendant's possible intoxication was not only "relevant in determining the extent of [her] liability in this case" (Ellison v New York City Tr. Auth., 63 NY2d 1029, 1030 [1984]), but also to the jury's determination of her reliability as a witness, which is particularly important where, as here, there is conflicting witness testimony (see generally McGruder v Gray [appeal No. 1], 265 AD2d 822, 822 [4th Dept 1999]). Under these circumstances, we conclude that plaintiffs should have been permitted to present Stephen's testimony with respect to whether defendant appeared to be intoxicated, which would allow the jury to consider whether and to what degree alcohol impaired defendant's senses and her ability to accurately perceive and recall the events about which she testified at trial.
Furthermore, Stephen's proposed testimony regarding his observations of defendant, i.e., that she fumbled with her license, slurred her speech, and smelled of alcohol, was not cumulative of other evidence already before the jury (cf. Mohamed v Cellino & Barnes, 300 AD2d 1116, 1116-1117 [4th Dept 2002], lv denied 99 NY2d 510 [2003]). Defendant testified that she was on her way home from a bar, where she had consumed "[t]wo drinks" over the course of three to four hours, and the court permitted Stephen to testify that he did not call the police when defendant finally pulled over because "[he] believe[d] she may have been drinking and [he] did not want to get her in any more trouble." There was no evidence before the jury, however, suggesting that defendant was intoxicated or that her mental faculties and physical abilities may have been impaired due to her consumption of alcohol. Without the excluded testimony, there was no reason for the jury to question or doubt defendant's testimony that she had only "[t]wo drinks" and left the scene of the accident because she was "very shook up and probably in a little shock."
Moreover, even assuming, arguendo, that the court did not abuse its discretion in excluding Stephen's testimony from plaintiffs' case-in-chief, we conclude that the court erred in refusing to allow plaintiffs to present that testimony in rebuttal. Defendant testified that she did not fumble with her license, her speech was not slurred, she did not recall her eyes being "glassy," and there was no alcohol on her breath. Thus, the excluded testimony from Stephen would have provided " evidence in denial of some affirmative fact which [defendant] has endeavored to prove' " (People v Harris, 57 NY2d 335, 345 [1982]; cf. Syracuse Airport Metroplex v City of Syracuse, 249 AD2d 926, 927 [4th Dept 1998]) and therefore fell within the scope of permissible rebuttal evidence.
Where, as here, the excluded evidence would " have had a substantial influence in bringing about a different verdict' " (Czerniejewski v Stewart-Glapat Corp., 269 AD2d 772, 773 [4th Dept 2000]), and the proffered testimony could "enlighten the jury further" (Hutchinson v Shaheen, 55 AD2d 833, 834 [4th Dept 1976]), reversal is required. We therefore reverse the judgment and order, grant plaintiffs' posttrial motion, set aside the verdict, and grant a new trial.
In light of our determination, we need not address plaintiffs' remaining contentions.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court