■ HAROLD SHORR, Respondent, v COHEN BROS. REALTY & CONSTRUCTION CORP. et al., Appellants. — Judgment, Supreme Court, New York County, entered April 11, 1980, awarding plaintiff damages in the sum of $400,000 plus interest and costs, reversed, on the law, and a new trial ordered, with costs to abide the event. The present appeal is the second in this action for personal injuries. On the prior appeal we affirmed the order of the trial court setting aside the verdict in favor of plaintiff[1] and granting a new trial.

1. The trial court concluded that the jury verdict was against the weight of the evidence on the issue of contributory negligence. As the cause of action arose prior to the enactment of CPLR 1411, the comparative negligence statute, contributory negligence of plaintiff was a complete defense to the action.

On this appeal, we conclude that the result of the second trial should be set aside and a new trial again ordered. Plaintiff was a tenant of a sixth floor apartment in a building owned and operated by defendants. In the afternoon of June 15, 1973 he decided to clean and repair the gasoline tank of his motorcycle which he kept in the basement garage. He disconnected the tank and emptied the gasoline into a basement drain. As subsequent events were to prove, a residue apparently remained in the tank. Plaintiff brought the tank to his apartment, placing it in the kitchen sink, about three or four feet from the stove which had a functioning pilot light. After scraping old paint from the tank, which at the time was upright with the cap at the top of the tank removed, plaintiff went to the bathroom. Returning to the kitchen, he saw a flame at the opening at the top of the tank. Using a container with water from the bathroom, plaintiff tried to extinguish the flame. An explosion ensued, spreading the fire throughout the kitchen. He thought of fighting the flames with more water, and after moving about the apartment for a number of minutes, finally decided to leave the apartment. He crossed the living room to the foyer in an attempt to exit through a door which led to a corridor. This door had two locks. Plaintiff asserted that the locks were open but that the door failed to open because it was "seized" at the top left section, a condition which he claimed he previously brought to the attention of the building superintendent. Plaintiff also maintained that the heat of the flames in the apartment made the doorknob too hot to handle. Unable to leave the apartment through the door, plaintiff sought to reach the roof of a building two stories below his bedroom window, by leaping over a 10-foot space separating the buildings. He did not succeed in landing on the roof and instead fell to the courtyard, sustaining serious internal injuries. Whether the door could not be opened because it was "seized" and whether the landlord was on notice of such condition and whether this condition was a proximate cause of the accident and injuries were questions for the jury. The dissent concludes that plaintiff was contributorily negligent as a matter of law. This conclusion is premised on a determination that plaintiff's conduct in causing the fire was, as a matter of law, the proximate cause of the injuries sustained.[2] The dissent relies on *Townes v Park Motor Sales* (7 NY2d 767, affg this court 7 AD2d 109, without opn). There plaintiff, an independent contractor, engaged in the business of washing and polishing automobiles, supplied his own tools including an electric buffing machine. While he was operating the machine, its bonnet burst into flames. He placed the machine and flaming bonnet upon caked grease, oil and gasoline and attempted to stamp out the flames with his feet. The caked grease, oil and gasoline had accumulated on the floor, in part at least in connection with plaintiff's service of automobiles at the location where the fire occurred. The plaintiff attempted to put the fire out with a fire extinguisher which he found to be empty. He then threw handfulls of sand on the flames, without success. He again commenced stamping on the flames with his feet at which point his coveralls caught fire and he sustained personal injuries. There was evidence that a water hose was nearby and that working fire extinguishers were available. The Trial Justice set aside a verdict for the plaintiff and dismissed the complaint. Unlike our case, there was no issue of any attempt to escape through a door which

---

2. In the light of the disposition we now make, we deem it unnecessary to consider whether our ruling on the first appeal rejecting the contention that plaintiff was contributorily negligent as a matter of law is the law of the case (see *People v Palumbo*, 79 AD2d 518).

would not yield because of the negligence of the landlord. As the majority of this court held, in affirming (7 AD2d 109, 114): "Thus, in the face of multiple choices, the plaintiff elected to follow the one course that exposed him to the danger, when the others did not. Under such circumstances he may be held guilty of contributory negligence as a matter of law." This has nothing to do with our case. The issue here is not whether the plaintiff is chargeable with contributory negligence because of the techniques he used or failed to use in extinguishing the fire. The question is rather whether plaintiff was negligent in causing the fire and if so whether this was a proximate cause of the accident and the injuries sustained. The majority are of the opinion that whether plaintiff's acts in connection with the fire constituted contributory negligence and a proximate cause of the accident was properly a question for the jury (Rossman v La Grega, 28 NY2d 300; Giambrone v Pan Amer. Airways, 74 AD2d 789). Having reached this threshold,[3] we find that the trial court's instructions were erroneous in two important aspects. First, the trial court unjustifiably exempted from the jury's consideration on the issue of contributory negligence plaintiff's conduct in causing the fire. The court stated: "The issue in this regard of contributory negligence is not who started the fire. In this case the plaintiff may have been responsible for causing the fire, however, even if the plaintiff started the fire by his own conduct, it does not bar or prevent him from recovering money damages in this lawsuit." The trial court assumed incorrectly that as a matter of law there was no issue of causal relationship between plaintiff's actions which led to the fire and the injuries he sustained (cf. Derdiarian v Felix Contr. Corp., 51 NY2d 308, 312). There was such an issue, and it was for the jury to decide. Second, the trial court erred in submitting the issue of contributory negligence under the emergency doctrine. The court stated: "The issue of plaintiff's contributory negligence, if any, in this case, is whether or not the plaintiff acted reasonably under the sudden emergency situation which confronted him from the time he realized he could not get out of the door to the time that he jumped from the window's ledge. In this regard plaintiff claims that after he was confronted with this emergency that he exercised that degree of reasonable care which a reasonably prudent person would have used under such emergency circumstances, and that he therefore was not negligent in contributing to his personal injuries." Plaintiff's involvement in the outbreak of the fire amounted to participation in the creation of the emergency. The emergency doctrine is inapplicable where the party seeking to invoke it has created or contributed to the emergency (Martin v Alabama 84 Truck Rental, 47 NY2d 721). Concur — Sandler, Silverman and Fein, JJ.

Birns, J. P., dissents in a memorandum as follows: In penning this brief dissent from the majority's opinion ordering a new trial, it is necessary to state my view on this second appeal, that our opinion, expressed in connection with the first appeal that contributory negligence is a question of fact, is not the law of the case (cf. People v Palumbo, 79 AD2d 518). Based on the record on this appeal and as summarized in the majority's memorandum, I am of the opinion that plaintiff's failure to use due care by placing a recently used motorcycle gasoline tank on his kitchen sink next to a stove

---

3. We take note of plaintiff's attempt on this appeal to convert the case into one of strict liability, based on alleged violations of the Multiple Dwelling Law. We reject that view because the case was not tried or submitted to the jury on that theory, contributory negligence always being the issue, and also because plaintiff never established any violations as a matter of law.

pilot light was wholly inexcusable and generated the series of events which led to his injuries. Plaintiff was guilty of contributory negligence as a matter of law *(Townes v Park Motor Sales,* 7 NY2d 767). I would dismiss the complaint.