■ IRVIN D. GLICK et al., Respondents, v RICHARD A. NOZELL, JR., Appellant. — Order modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this automobile negligence action, plaintiffs moved for summary judgment, asserting that there were no issues of fact relating to liability. Plaintiffs further moved to amend their complaint to claim punitive damages. Special Term granted both motions and ordered "an inquest as to the amount of damages." It properly granted the motion to amend the complaint, for a jury could conclude that defendant's conduct transcended ordinary negligence and constituted willful, wanton, and reckless behavior for which an award of punitive damages would be appropriate (*Reid v Terwilliger*, 116 NY 530). Special Term properly found that there is no issue of fact concerning defendant's liability for compensatory damages. There must be a plenary trial, however, on the issue of plaintiffs' right to punitive damages. A motion for summary judgment "shall be denied if any party shall show facts sufficient to require a trial of any issue of fact" (CPLR 3212, subd [b]), except an issue of fact relating to "the amount or extent of damages" (CPLR 3212, subd [c]). Here, the triable issues of fact concerning punitive damages relate not only to the "amount [and] extent" of damages, but also to the plaintiffs' right to such damages. Resolution of those issues will require proof of more than the amount and extent of damages; it will require proof of all of the circumstances of the accident in order to establish liability for punitive damages. Although the triable issues concerning punitive damages preclude summary judgment on plaintiffs' entire cause of action, it was proper for Special Term to grant summary judgment on that part of the cause of action relating to liability for compensatory damages (CPLR 3212, subd [e]). Since there must be a trial on the issue of punitive damages, we modify the order by deleting the provision for an inquest or immediate trial as to the amount of damages. The assessment of compensatory damages should be made at the trial on the issue of punitive damages. All concur, except Green and Schnepp,

JJ., who dissent and vote to affirm in the following memorandum.

Green and Schnepp, JJ. (dissenting). We do not agree that plaintiff is entitled to only partial summary judgment. The claim for punitive damages is not a separate cause of action and constitutes an element of the total claim for damages (*Mastro Jewelry Corp. v St. Paul Fire & Mar. Ins. Co.*, 70 AD2d 854; *Knibbs v Wagner*, 14 AD2d 987). Punitive damages are allowed in addition to compensatory damages. We feel that CPLR 3212 (subd [c]) is applicable to this case since the only triable issues relate to "the amount [and] extent of damages". The grant of summary judgment may be a Pyrrhic victory since plaintiff must still prove that defendant's conduct was so gross, wanton or reckless as to justify an award of punitive damages (see PJI 2:278; see, also, 14 NY Jur [rev ed], Damages, § 179), but it is a judgment to which plaintiff is entitled on the issue of liability. We would, therefore, affirm. (Appeal from order of Supreme Court, Oswego County, O'Donnell, J. — summary judgment.) Present — Dillon, P. J., Doerr, Boomer, Green and Schnepp, JJ.