■ MARY L. DOOLEY, Appellant, v BACARDI IMPORTS, INC., Respondent, et al., Defendants. (And a Third-Party Action.) — Order unanimously reversed, without costs, and motion granted. Memorandum: Special Term erred in denying plaintiff leave to supplement her complaint to seek punitive damages and to compel defendant Bacardi Imports, Inc., to accept its service. The application is timely under the "relation back" doctrine (CPLR 203, subd [e]; *Caffaro v Trayna,* 35 NY2d 245; *Gardner v Fyr-Fyter Co.,* 55 AD2d 816; 1 Weinstein-Korn-Miller, NY Civ Prac, par 203.29). Defendant's claims of exposure to potentially greater liability and lack of insurance coverage, unsupported assertions of prejudice in the formulation of a defense, and allegations that plaintiff had sufficient facts initially to claim punitive damages, are all insufficient as a matter of law to defeat a motion to amend or supplement a complaint (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18; *Fahy v Hertz Corp.,* 92 AD2d 581; *Star Ind. Serv. Co. v Wooster,* 84 AD2d 833; 3

Weinstein-Korn-Miller, NY Civ Prac, par 3025.15). Since there is no showing of prejudice, leave to serve the proposed complaint should have been granted (CPLR 3025, subd [b]; *Murray v City of New York,* 43 NY2d 400; *Bronson v Potsdam Urban Renewal Agency,* 74 AD2d 967). (Appeal from order of Supreme Court, Onondaga County, O'Donnell, J. — supplemental complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.)