■ ZACMA CLEANERS CORPORATION et al., Respondents, v BERNARD W. GIMBEL, Doing Business as GIMBEL HOLDING COMPANY, Appellant.—In an action, inter alia, to recover damages for the defendant's wrongful refusal to consent to the assignment of a lease, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated May 10, 1985, as granted the plaintiffs' motion for leave to serve an amended complaint.

Ordered that the order is modified, by adding a provision to the effect that the plaintiffs' amended complaint may not contain demands for treble damages with respect to the first six causes of action; and as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiffs' time to serve the amended complaint is extended until 20 days after the service upon them of a copy of this decision and order, with notice of entry.

The plaintiff corporation sought leave to amend its complaint in order to (1) add several new factual allegations, (2) add several new theories of liability, (3) add a new individual plaintiff, and (4) assert claims for treble damages with respect to 6 out of the 7 newly pleaded causes of action. The additional factual allegations, and the newly pleaded causes of action, considered together, are not so patently insufficient so as to warrant an examination of their merits upon a motion to amend (see generally, DeGuire v DeGuire, 125 AD2d 360; Sentry Ins. Co. v Kero-Sun, Inc., 122 AD2d 204, 205; Norman v Ferrara, 107 AD2d 739; Goldstein v Brogan Cadillac Oldsmobile Corp., 90 AD2d 512). Furthermore, some of the newly pleaded causes of action appear to state claims which exist in favor of the newly added individual plaintiff, rather than the plaintiff corporation of which he is the sole shareholder. Thus, that individual may be added as a plaintiff in order to assert claims which may not be asserted in the name of the corporation (cf., Thomson McKinnon Sec. v Cioccolanti, 135 AD2d 624). However, we agree with the defendant's contention that treble damages may not be awarded in the absence of specific statutory authority (see, Springer v Viking Press, 90 AD2d 315, 317, affd 60 NY2d 916; 36 NY Jur 2d, Damages, § 185), so that the motion to amend was improperly granted to the extent such demands for treble damages were allowed. The plaintiffs may, however, in their amended complaint, assert a claim for punitive damages which will constitute " 'an element of the single total claim for damages' " (Fiesel v Nanuet Props. Corp., 125 AD2d 292; Beck v General Tire & Rubber Co., 98 AD2d 756; see, Glick v Nozell, 94 AD2d 956; Dooley v Bacardi Imports, 98 AD2d 993; cf., Goldin v Conway Motors, 122 AD2d 834). The plaintiffs' claims are not based solely on breach of contract (cf., Garrity v Lyle Stuart, Inc., 40 NY2d 354, 358; Baders Residence for Adults v Telecom Equip. Corp., 90 AD2d 764). Of course, we express no opinion as to whether the plaintiffs' claim for punitive damages will be sustainable after

a trial. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.