**20** JOHN SWEENEY, Respondent, v MARK C. MCCORMICK et al., Appellants, et al., Defendants.—Mercure, J. Appeal from that part of an order of the Supreme Court (Prior, Jr., J.), entered May 23, 1989 in Rensselaer County, which granted

plaintiff's motion for partial summary judgment on the issue of liability against defendants Mark C. McCormick and Crystal A. Wilmott, denied said defendants' motion to dismiss plaintiff's claim for punitive damages against defendant Mark C. McCormick and directed that a jury assess the amount of damages.

Defendant Mark C. McCormick was operating a 1987 Dodge pickup truck owned by his sister, defendant Crystal A. Wilmott (hereinafter, with McCormick, collectively referred to as defendants) when it left the traveled portion of the road and struck plaintiff's parked and unoccupied 1988 Isuzu Trooper II. McCormick was arrested at the accident scene for driving while intoxicated and subsequently pleaded guilty to driving while ability impaired. The arrest report indicated that McCormick registered .12% on the Alco-Sensor test and .11% on the breathalyzer test. Plaintiff commenced this action seeking compensatory and punitive damages. After joinder of issue, plaintiff moved for summary judgment on the issue of liability and defendants cross-moved for partial summary judgment dismissing the punitive damages claim. Supreme Court granted plaintiff's motion and denied the cross motion as to McCormick and granted it as to Wilmott. Defendants now appeal.

Initially, we reject defendants' contention that there are triable issues of fact regarding liability. Defendants opposed the motion, contending that McCormick had been confronted with an emergency situation when his vehicle had been cut off by a "small white vehicle", causing him to lose control and to strike plaintiff's vehicle. In our view, McCormick's affidavit is vague, conclusory, contradicted by documentary evidence in the record and falls far short of defendants' duty to raise a factual issue (see, Zuckerman v City of New York, 49 NY2d 557) as to whether McCormick was "faced with a sudden condition, which could not have been reasonably anticipated" (PJI 2:14 [1989 Supp]; see, McAllister v Adam Packing Corp., 66 AD2d 975, 976). Furthermore, it is settled law that the emergency doctrine has no application where, as here, the party seeking to invoke it has created or contributed to the emergency (see, Martin v Alabama 84 Truck Rental, 47 NY2d 721; Shorr v Cohen Bros. Realty & Constr. Corp., 81 AD2d 501, 503). Thus, Supreme Court properly granted plaintiff's motion for partial summary judgment.

Next, we turn to the issues surrounding plaintiff's claim for punitive damages. Plaintiff's contention in this regard, that McCormick's involvement in a property damage accident at a

time when he had a blood alcohol level of .11% justifies an award of punitive damages, poses the legal question of whether evidence that a defendant was driving while intoxicated at the time of an automobile accident is alone sufficient to raise a jury question of punitive damages. For the reasons that follow, we answer the question in the negative.

The nature of the conduct which will justify an award of punitive damages has been variously described but, essentially, it is conduct "having a high degree of moral culpability" *(Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 203) or activated by an evil and reprehensible motive *(Walker v Sheldon,* 10 NY2d 401, 404) which manifests a "conscious disregard of the rights of others or conduct so reckless as to amount to such disregard" *(Welch v Mr. Christmas,* 57 NY2d 143, 150). Such conduct may consist of actions which constitute willful or wanton negligence or recklessness but need not be intentionally harmful *(Home Ins. Co. v American Home Prods. Corp., supra).*

Evidence of willful or wanton negligence or recklessness, therefore, must be presented before a jury question of punitive damages is raised *(see, supra).* An act is "wanton and reckless" when done under circumstances showing "heedlessness and an utter disregard" for the "rights and safety of others" (PJI 2:278). Based upon the foregoing, we hold that evidence of a defendant's intoxication will not support an award of punitive damages, absent a showing of wanton or reckless conduct *(see, Detling v Chockley,* 70 Ohio St 2d 134, 436 NE2d 208; Annotation, *Intoxication of Automobile Driver as Basis for Awarding Punitive Damages,* 65 ALR3d 656, 664-666; *cf., Colligan v Fera,* 76 Misc 2d 22). No such showing has been made here. We do not intend, however, to preclude an award of punitive damages under appropriate circumstances, to be determined on a case-by-case basis taking into account the nature of the actor's conduct and the level of his intoxication. We are aware of cases of the Fourth Department which have addressed a plaintiff's right to punitive damages under similar circumstances *(Glick v Nozell,* 94 AD2d 956; *Knibbs v Wagner,* 14 AD2d 987). To the extent that these cases are inconsistent,* we decline to follow them.

Finally, we reject plaintiff's contention that this appeal is

---

* We do not read either case to hold that evidence of intoxication alone will support an award of punitive damages. Further, the court in *Knibbs v Wagner (supra)* was not faced with a motion for summary judgment and, therefore, did not consider the precise issue presented here.

frivolous and deny his request for sanctions (see, 22 NYCRR 130-1.1).

Order modified, on the law, without costs, by reversing so much thereof as denied the cross motion to dismiss plaintiff's claim for punitive damages against defendant Mark C. McCormick; cross motion granted to that extent and claim for punitive damages against said defendant dismissed; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.