■ ELIZABETH RINALDO, Respondent, v D. KAYHON MASHAYEKHI, Appellant.—Levine, J. Appeal from that part of a judgment of the Supreme Court (Cobb, J.), entered April 17, 1991 in Ulster County, upon a verdict in favor of plaintiff, which awarded plaintiff punitive damages.

This action arose out of an accident that occurred December 3, 1988 on Ulster Avenue in the Town of Ulster, Ulster County, when plaintiff's car was struck in the rear by defendant's vehicle as she waited to make a left-hand turn. Defendant was arrested and convicted of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) as a result of the police investigation of the accident. At the conclusion of the trial of this action, the jury awarded plaintiff $70,000 in compensatory damages and $7,500 in punitive damages.

The sole issue on appeal is whether the evidence concerning defendant's conduct was sufficient to support the jury's imposi-

tion of punitive damages against him. We find that it was. Punitive damages may be awarded when the defendant's conduct has a high degree of moral culpability *(see, Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 203). The conduct need not be intentional and it is sufficient if it is so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others *(see, supra,* at 203-204; *Sweeney v McCormick,* 159 AD2d 832, 834).

In *Sweeney v McCormick (supra),* we rejected the notion that driving while intoxicated alone is sufficient to justify the imposition of punitive damages. Instead, we adopted a case-by-case approach "taking into account the nature of the actor's conduct and the level of his intoxication" *(supra,* at 834). Here, the evidence at trial and the inferences reasonably to be drawn therefrom could support the following findings by the jury. At the time of the accident, defendant was operating his vehicle with a blood alcohol level of .19%, almost twice the threshold level for driving while intoxicated. By his own admission, he was driving at a speed of 35 to 40 miles per hour in a 30 mile-per-hour speed zone. In a field sobriety test he was unable to complete recital of the alphabet, walk a straight line, stand on one foot or touch his finger to his nose. The accident occurred at 5:30 P.M. on a busy public thoroughfare that was even more heavily trafficked than normal with Christmas shoppers. Although it was after dark, the area was well illuminated, the weather was clear and the road surface was dry. From the damage to plaintiff's vehicle and plaintiff's testimony as to her observation of defendant's vehicle through her rear-view mirror while she was stopped with her directional signal on, defendant drove directly into the rear of plaintiff's vehicle without taking any action whatsoever to avoid the collision.

Based on the foregoing, the jury could readily have concluded that defendant was highly intoxicated, that he was driving at an excessive rate of speed on a heavily congested public street and that he completely disregarded the obvious presence of plaintiff and other users of the highway where the accident occurred. This sufficiently established wanton negligence and recklessness on defendant's part so as to warrant an award of punitive damages *(see, Sweeney v McCormick, supra,* at 834; *see also,* Annotation, *Intoxication of Automobile Driver as Basis for Awarding Punitive Damages,* 65 ALR3d 656, 669-674). The judgment should therefore be affirmed.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.