■ BONITA TAYLOR et al., Respondents, v JOHN R. DYER, Appellant.—Weiss, P. J. Appeal from an order of the Supreme Court (Plumadore, J.), entered May 4, 1992 in Saratoga County, which granted plaintiffs' motion for leave to serve an amended complaint.

On July 4, 1989 while driving south on U.S. Route 4 in the Town of Stillwater, Saratoga County, plaintiffs' vehicle was struck in the rear by a pick-up truck driven by defendant,

who fled from the scene without stopping to identify himself. He was later identified and apprehended. On January 20, 1990 defendant signed a statement in which he stated that during the evening of July 4, 1989 before the accident he had been in a bar and had a "couple of beers". At the time plaintiffs commenced this negligence action on September 28, 1990, they already had a copy of the statement. On February 28, 1992, plaintiffs moved to amend their complaint to allege punitive damages. They contend that based upon an apparent involvement of alcohol in the accident and the aggravated manner in which the offending truck was operated, consideration of punitive damages was appropriate. Defendant has appealed from the order which granted the motion.

Evidence that a defendant was driving while intoxicated at the time of a motor vehicle accident standing alone is insufficient to support an award of punitive damages, absent evidence of willful or wanton reckless conduct (Sweeney v McCormick, 159 AD2d 832, 834), which has been described as "morally culpable [or] actuated by evil and reprehensible motives" (Walker v Sheldon, 10 NY2d 401, 404).

In Sweeney v McCormick (supra), this Court adopted a case-by-case approach "taking into account the nature of the actor's conduct and the level of his intoxication" (supra, at 834). There, in the absence of a showing of wanton or reckless conduct, we rejected an award of punitive damages based solely on the fact that the driver had a blood alcohol level of .11%. On the other hand, in Rinaldo v Mashayekhi (185 AD2d 435), we found the evidence sufficient to support an award of $7,500 in punitive damages against the defendant. The proof showed that the defendant, who was arrested and convicted for driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), had a blood alcohol level of .19% (almost twice the threshold level of driving while intoxicated) and by his own admission had driven 35 to 40 miles per hour in a 30 mile-per-hour zone. In his field sobriety test "he was unable to complete recital of the alphabet, walk a straight line, stand on one foot or touch his finger to his nose" (Rinaldo v Mashayekhi, supra, at 436). In addition, the accident occurred on a busy thoroughfare in heavy traffic. We held that this evidence sufficiently established that the defendant had been guilty of wanton negligence and recklessness so as to warrant the award of punitive damages against him (supra).

Here, the record is devoid of evidence sufficient to justify an award of punitive damages. Defendant contends that Supreme Court abused its discretion in granting the motion because

plaintiffs' supporting papers are palpably insufficient. The requirements for a motion to amend pleadings include an evidentiary showing that a claim or defense can be supported *(Mathiesen v Mead,* 168 AD2d 736, 737). Plaintiffs have failed to support their allegations of willful or wanton negligence, or reckless conduct. Plaintiffs' showing of alcohol involvement consisted solely of defendant's January 20, 1990 statement which might be sufficient to suggest intoxication, but their use of the conclusory term "rammed" to describe the rear-end collision is patently insufficient to prove conduct supportive of punitive damages. While defendant's flight from the scene might be considered reprehensible, such conduct occurring after the accident did not proximately cause plaintiffs' injuries and is outside the conduct alleged in the proposed amended complaint.

We find that the proposed amendment plainly lacks merit and the motion to amend should therefore have been denied *(see, Fiesel v Nanuet Props. Corp.,* 125 AD2d 292; *see also, Ramundo v Town of Guilderland,* 108 AD2d 995, 996).

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.