■ BANKER NORTH SALEM ASSOCIATES I et al., Appellants, v EDWARD A. HAIGHT et al., Respondents. [612 NYS2d 281] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Ruskin, J.), entered February 6, 1992 in Westchester County, which granted defendants' motion for summary judgment dismissing the complaint.

On March 31, 1986, plaintiffs' assignor, Joel Banker, contracted to purchase property in the Town of North Salem, Westchester County, from defendants for $2 million. Banker proposed to develop the property, utilized by defendants and their predecessors in title as an apple orchard for over 75 years, for residential and commercial use. In the fall of 1986, approximately seven months after the contract was signed, Banker requested and defendants furnished him with a list of the chemicals that defendants had used in their operation of the orchard. On October 21, 1986 and December 1, 1986, Banker had an engineering firm, Geotoxi Associates, Inc., perform soil and water tests on the property. The test results revealed that the soil and water on the property were free from toxic or hazardous wastes. Following assignment of Banker's interest in the contract to plaintiffs, closing of title took place on December 30, 1986 with mortgages in favor of defendants comprising $1.6 million of the purchase price.

In July 1991, plaintiffs commenced this action, alleging that defendants' false and fraudulent misrepresentations concerning the chemicals that had been used on the property and

concealment of its polluted condition induced plaintiffs' purchase of the property and negated a material aspect of the contract, thereby entitling plaintiffs to compensatory and punitive damages, rescission of the contract and cancellation of the purchase-money mortgages. Defendants moved to dismiss the complaint. After giving notice to the parties, Supreme Court converted the motion to one for summary judgment pursuant to CPLR 3211 (c), granted the motion and dismissed the complaint. Plaintiffs appeal.

We affirm. Defendants fulfilled their initial burden of making a prima facie showing of entitlement to judgment as a matter of law (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) with a compelling evidentiary showing that (1) as of the time of execution of the contract for the purchase of the property, no inquiry or representation had been made or warranty given concerning the condition of the property or the chemicals that had been stored on or applied to it, (2) the contract did not make Banker's performance contingent upon the property's freedom from toxic chemical or hazardous waste pollution, (3) defendants truthfully responded to plaintiffs' subsequent request for a list of the chemicals they had used in their operation of the orchard, (4) the property had been utilized as an orchard for 54 years before defendants took title to the property and defendants had no knowledge of the chemicals that had been stored upon and applied to the premises during that period, (5) plaintiffs were given free access to the property, both before and after the execution of the contract, for the purpose of testing for toxic chemical pollution and in fact had such tests performed by an expert of their choosing, and (6) the tests so performed disclosed the existence of no toxic or hazardous wastes.

Plaintiffs opposed the motion with (1) an attorney's affirmation, which, as such, was lacking in evidentiary value, (2) a copy of a September 1990 estimate for the cleanup of unidentified contaminates on the property, and (3) Banker's vague, conclusory and self-serving allegations that, when requested to identify the pesticides that had been used on the orchard, defendant Edward A. Haight "knowingly presented false information and failed to disclose the necessary information so that Geotoxi could perform valid analyses", that in June 1989 Banker "discovered that the land was seriously contaminated with toxic and hazardous materials that were the result of additional pesticides and other material that had been stored and applied on [the property] that [Haight] never disclosed", and that "[i]f this condition were known prior to December 30,

1986, [he] would not have consummated the Contract". This is insufficient. Notably, the only representation alleged by plaintiffs to have been false was made months after Banker contracted to purchase the property, and there is no competent evidentiary support for the claim that the representation was false in any event. In the absence of competent evidence that either the contract of sale *(see, New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767) or the actual transfer of title *(see, Botti v Russell,* 180 AD2d 947) was induced by material fraud or, moreover, that plaintiffs were entitled under the circumstances to rely upon any claimed factual misrepresentations *(see, Pinney v Beckwith,* 202 AD2d 767; *Clanton v Vagianelis,* 187 AD2d 45), the motion was properly granted.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.