■ ROSALIE GRUBER, Respondent, v WARREN S. CRAIG, Appellant. [618 NYS2d 84] —In a negligence action to recover damages for personal injuries, the defendant appeals from so much of a judgment of the Supreme Court, Orange County (Miller, J.), dated February 10, 1993, as, upon a jury verdict in favor of the plaintiff and an order of the same court, dated February 3, 1993, denying his motion to set aside an award of punitive damages, awarded the plaintiff punitive damages in the principal amount of $25,000. The notice of appeal from the order dated February 3, 1993, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The record indicated that the plaintiff notified the defen-

dant that there was an odor of gas emanating from the stove for several months after she moved into the apartment owned by the defendant. Despite such notice, and in violation of residential housing codes, the defendant failed to repair the natural gas pipe connecting the stove to the main pipe line, as a result of which there was an explosion in which the plaintiff was injured. At the conclusion of the trial, the defendant moved to set aside the punitive damages awarded by the jury on the ground that the facts failed to demonstrate that the defendant's conduct was of such a high degree of moral culpability as to warrant a recovery for punitive damages.

The Court of Appeals has stated that "[p]unitive damages are allowable in tort cases * * * so long as the very high threshold of moral culpability is satisfied" *(Giblin v Murphy,* 73 NY2d 769, 772). In tort actions, "the defendant's conduct must be so flagrant as to transcend mere carelessness" *(Frenya v Champlain Val. Physicians' Hosp. Med. Ctr.,* 133 AD2d 1000, 1001). "Such conduct need not be intentionally harmful but may consist of actions which constitute willful or wanton negligence or recklessness" *(Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 204; see, *Sweeney v McCormick,* 159 AD2d 832, 834). "An act is 'wanton and reckless' when done under circumstances showing 'heedlessness and an utter disregard' for the 'rights and safety of others' " *(Sweeney v McCormick, supra,* at 834). We agree with the trial court that the defendant's conduct was so flagrant as to transcend mere carelessness, since he had notice of the hazardous condition for such a significant period of time, and the risk to the tenant was so great. Thus, the imposition of punitive damages was not unreasonable, and it will serve as a deterrent to such culpable conduct in others *(see, Minjak Co. v Randolph,* 140 AD2d 245). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.