■ Peter G. Botti et al., Appellants-Respondents, v Gordon Russell et al., Respondents-Appellants. [640 NYS2d 285] —Mer-

cure, J.

When this matter was previously before us, we modified Supreme Court's order granting summary judgment dismissing defendants' first two counterclaims (alleging malpractice and fraud, respectively) only to the extent of providing that the dismissal be "without prejudice" (180 AD2d 947, 950). A detailed description of the parties' pleadings and the facts adduced on plaintiffs' prior summary judgment motion may be garnered from our decision on that appeal. Subsequently, defendants sought and were granted leave to serve an amended answer that repleaded the dismissed counterclaims, following which plaintiffs moved for summary judgment dismissing the "new" counterclaims. Supreme Court granted plaintiffs' motion. Plaintiffs now appeal Supreme Court's order granting defendants leave to replead, and defendants appeal the grant of summary judgment in favor of plaintiffs.

Assuming, without deciding, that Supreme Court did not abuse its discretion in permitting plaintiffs to serve an amended complaint, we nonetheless conclude that the "new" counterclaims alleged in the amended complaint were properly dismissed. The first counterclaim of the amended answer, sounding in fraud, alleges that prior to the execution of the contract for the purchase of the subject property, defendants told plaintiff Peter G. Botti of their desire to restore and repair the damaged carriage house in order to use it as a rental property, thereby imposing upon Botti a duty to explain that a rental use could not be established on this "substandard" lot. However, the only record evidence even suggesting Botti's awareness, prior to defendants' execution of the contract for purchase of the subject property, of defendants' interest in devoting the carriage house to residential use was defendant Isabelle Russell's deposition testimony that, at a dinner dance, she mentioned to Botti that she wanted to "put[ ] a couple in the carriage house so that [she could] have help with the gardening and help inside". In our view, such an off-hand remark made at a social gathering would be patently insufficient to give Botti reason to believe that information concerning the ability to devote the carriage house to residential use

was "material and germane to [the] contemplated transaction" (*Botti v Russell*, 180 AD2d 947, 950, *supra*; *see, Callahan v Callahan*, 127 AD2d 298, 300). Under the circumstances, we conclude, as we did before, that Botti's failure to disclose was not the equivalent of an affirmative misrepresentation (*see, Botti v Russell*, *supra*, at 950; *see also*, 60 NY Jur 2d, Fraud and Deceit, §§ 93-96, at 568-577).

As for the malpractice cause of action, the record is devoid of competent evidence that Botti's legal representation departed from good and accepted practice (*see, Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132). The claim that Botti placed his own interest above that of his clients by "carving out a conveniently shaped piece of property for himself and effecting a boundary line change * * * [leaving defendants] with a substandard lot, which they could not use as a residence or rental unit" is patently false. As we recognized on the prior appeal, Botti had already contracted to purchase the northerly half of the rear lot (lot 12A) before defendants even became aware of the Hodges Estate property and, when defendants expressed an intent to purchase the balance of the property, he fully disclosed his equitable interest.

The parties' remaining contentions have either been considered and found unavailing or have been rendered academic.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order entered August 4, 1994 is affirmed, with costs. Ordered that the appeal from the order entered July 2, 1992 is dismissed, as academic.