■ BEHROOZ BASSIM, Appellant, v ROBERT HALLIDAY et al., Respondents. [650 NYS2d 467] —Peters, J. Appeal from an order of the Supreme Court (Keegan, J.), entered May 4, 1995 in Albany County, which, *inter alia*, granted a motion by certain defendants for summary judgment dismissing the complaint against them.

This legal malpractice action stems from representation provided during the course of a disciplinary proceeding which ultimately resulted in license revocation (*see*, *Matter of Bassim v Sobol*, 178 AD2d 787, *appeal dismissed, lv denied* 79 NY2d 941). After charges were brought by the Office of Professional Medical Conduct (hereinafter OPMC), plaintiff retained the services of defendant Robert Halliday, a sole practitioner, to defend him before the Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Hearing Committee). It found the charges substantiated and recommended revocation of plaintiff's license.

Plaintiff then discharged Halliday and retained the services of defendant O'Connell & Aronowitz, P. C. (hereinafter O&A) for the purpose of submitting exceptions to the Hearing Committee's recommendation. Both a partner and an associate of O&A, extensively worked on the written submission, requesting that the matter be reopened for several reasons which included a wrongful denial to present determinative demonstrative evidence. After the request was denied and the Commissioner of Health concurred with the recommendations of the Hearing Committee, plaintiff and the O&A partner appeared before the Review Committee of the Board of Regents and again sought to reopen the matter. Again rejecting the request and again recommending that the Hearing Committee's determination be affirmed, the Commissioner of Education issued the order revoking plaintiff's license to practice medicine.

O&A thereafter successfully moved for a stay pending CPLR article 78 review. Although a temporary restraining order was granted, further injunctive relief was later denied, thus vacating the stay of revocation. Seeking review in the Appellate Division, O&A prepared a brief yet was ultimately discharged approximately one week prior to the filing deadline. It nonetheless filed an appendix and plaintiff proceeded *pro se*.

This action was commenced by plaintiff claiming legal malpractice against both Halliday and O&A. After joinder of issue, O&A moved for summary judgment dismissing the complaint against it, while plaintiff cross-moved to amend his complaint. Supreme Court denied plaintiff's cross motion and granted O&A's motion. Plaintiff now appeals.

We initially reject plaintiff's reliance upon *Trimboli v Kinkel* (226 NY 147) to support his contention that O&A must be held to a higher standard of care than an ordinary attorney based upon its claimed expertise in the area of administrative law. The standard imposed is well settled: " '[l]egal malpractice

consists of the failure of an attorney to exercise that degree of skill commonly exercised by an ordinary member of the legal community, resulting in damages to the client' " (*Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132, quoting *Saveca v Reilly*, 111 AD2d 493, 494).

As to the motion for summary judgment, we find that plaintiff failed to sustain his burden of submitting "evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). There exists no support for plaintiff's contention that more comprehensive legal research would have been successful in the reopening of the initial proceeding for the admission of demonstrative evidence since the determination to allow its use rests in the sound discretion of the trial court (*see, People v Acevedo*, 40 NY2d 701, 704; *Uss v Town of Oyster Bay*, 37 NY2d 639).

Similarly unpersuasive is plaintiff's contention that the use of only 30 of the alleged 168 inconsistencies in OPMC's allegations, coupled with the failure on administrative appeal to controvert 15 alleged inconsistencies in which the Hearing Committee "made false reporting of evidence", constitutes malpractice. Upon our full review of the record, which reflects that counsel reviewed its strategy with plaintiff and detailed its reasons for choosing one over another, we conclude that the "selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley*, 65 NY2d 736, 738). With the record devoid of competent evidence establishing such negligence (*see, C & F Pollution Control v Fidelity & Cas. Co.*, 222 AD2d 828; *Botti v Russell*, 225 AD2d 1016), summary judgment was properly granted.

Moreover, no error is found in the denial of plaintiff's cross motion to amend the pleadings. Notwithstanding the provisions of CPLR 3025 (b), the trial court must still assess the merit of the amended pleading in the interest of judicial economy (*see, Wieder v Skala*, 168 AD2d 355). With plaintiff's original pleadings containing nine pages, 41 paragraphs, and four causes of action, and the amended pleadings containing 88 pages, 399 paragraphs and three causes of action, asserting new facts with no new theory of recovery, Supreme Court properly exercised its discretion in denying the motion (*see, Taylor v Dyer*, 190 AD2d 902). As to the purported fraud in connection with the charging of legal services, we agree with Supreme Court that plaintiff's allegations fail to constitute a viable separate claim. Finally, lacking the requisite showing for an increase in the ad damnum clause (*see, Hojnacki v Bou-*

*ton*, 198 AD2d 660; *Taylor v Dyer*, 190 AD2d 902), we affirm Supreme Court's order.

Mercure, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.