■ JAMES O'BRIEN, Respondent, v JACK LaLANNE FITNESS CENTERS, INC., et al., Appellants. [655 NYS2d 999] —In a negligence action, inter alia, to recover damages for wrongful death, the defendants appeal, partly by permission, from an order of the Supreme Court, Nassau County (Burke, J.), dated January 16, 1996, which denied that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (8)

insofar as asserted against the defendants Jack LaLanne Holding Corp., Bally Manufacturing Corp., and Bally's Health & Tennis Corp., to strike the plaintiff's demand for punitive damages, and to strike scandalous or prejudicial matter from the complaint.

Ordered that the order is affirmed, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211, the facts as alleged in the complaint are accepted as true and the plaintiff is accorded the benefit of every possible favorable inference (see, Leon v Martinez, 84 NY2d 83, 87-88). In so viewing, the Supreme Court properly determined that the branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (8) was premature as there are questions regarding the intra-organizational relationship among the defendants and whether the defendants Bally Manufacturing Corp. and Bally's Health & Tennis Corporation, which are foreign corporations, had minimum contacts with New York through their involvement with the defendants Jack LaLanne Fitness Centers, Inc., and Jack LaLanne Holding Corp.

Further, as the complaint generally alleged that the defendants were previously and repeatedly cited for infractions by the Nassau County Health Department regarding the maintenance or operation of the whirlpool where the incident occurred, that branch of the motion which was to strike the plaintiff's demand for punitive damages was properly denied at this juncture (see, Gruber v Craig, 208 AD2d 900, 901; see also, Welch v Mr. Christmas, 57 NY2d 143, 150; cf., Dubecky v S2 Yachts, 234 AD2d 501).

We also agree with the Supreme Court that the branch of the motion which was to strike scandalous or prejudicial matter from the complaint pursuant to CPLR 3024 (b) was properly denied as premature. Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.