■ AARON TRUDEAU, Appellant, v JON A. COOKE et al., Respondents. [769 NYS2d 322]—

Lahtinen, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 24, 2003 in Clinton County, which, inter alia, granted defendants' motion to dismiss plaintiff's punitive damage claim.

After spending an evening patronizing a tavern in the Village of Ticonderoga, Essex County, plaintiff, James Fuller and defendant Jon A. Cooke left the establishment in a motor vehicle operated by Cooke and owned by Cooke's employer, defendant Steam Systems, Inc. At approximately 1:40 A.M., Cooke lost control of the vehicle on a curve, resulting in the vehicle leaving the road and overturning. He subsequently pleaded guilty to driving while intoxicated. Plaintiff commenced this action seeking compensatory damages for injuries allegedly sustained in the accident and also seeking punitive damages. Following disclosure, defendants moved to dismiss the demand for punitive damages and plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court dismissed the demand for punitive damages and denied plaintiff's cross motion. Plaintiff appeals.

Plaintiff has limited his argument on appeal to the issue of whether he presented adequate proof to raise a factual question regarding his demand for punitive damages. Punitive damages are "intended as punishment for gross misbehavior for the good of the public" (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 203 [1990]). While intentional conduct is not a mandatory showing for punitive damages, the conduct generally must be "so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" (*Rinaldo v Mashayekhi*, 185 AD2d 435, 436 [1992]; *see Evans v Stranger*, 307 AD2d 439, 440-441 [2003]). Well-settled precedent instructs that intoxication alone does not open the door for punitive damages and that each situation must be considered on a case-by-case basis (*see Sweeney v McCormick*, 159 AD2d 832, 834 [1990]; *see also Deon v Fortuna*, 283 AD2d 388 [2001]; *Taylor v Dyer*, 190 AD2d 902, 903-904 [1993]; *Rinaldo v Mashayekhi, supra* at 436).

Here, plaintiff had been in the same drinking establishment with Cooke prior to the accident. He acknowledged seeing Cooke imbibing alcoholic beverages and he testified that he observed nothing about Cooke that caused him to believe Cooke was

intoxicated. Plaintiff voluntarily embarked on a ride with Cooke. These facts significantly distinguish the current case from situations where an intoxicated driver injures someone in another vehicle or a pedestrian who had no prior involvement with the intoxicated individual. The evidence regarding what transpired when these men left the tavern is disputed and, thus, we accept for purposes of this motion plaintiff's contention that Cooke exceeded the speed limit and did not take plaintiff and Fuller directly to Fuller's home as they had requested. The fact that Cooke purportedly did not take the men directly to their requested destination is not particularly relevant to the issue of punitive damages. To the extent that he exceeded the posted speed limit in the Village of Ticonderoga as he traveled during the early morning hours, we find such fact insufficient under the prevailing circumstances to open the door for a jury to consider punitive damages (*compare Rinaldo v Mashayekhi, supra* at 436). After review of the facts in the record, we agree with Supreme Court that punitive damages are not appropriate.

Plaintiff's additional argument that he is entitled to punitive damages against the owner of the vehicle, Steam Systems, which is premised solely upon the alleged conduct of Cooke, is academic in light of our determination that the facts are insufficient to support such damages against Cooke.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.