■ DANIEL GUARIGLIA, Individually and as Administrator of the Estate of COURTNEY GUARIGLIA, Deceased, Respondent, v PRICE CHOPPER OPERATING COMPANY, INC., et al., Defendants, and WILLIAM J. SCHADY, III, Appellant. [830 NYS2d 871]—

Cardona, P.J. Appeal from an order and judgment of the Supreme Court (Kramer, J.), entered January 6, 2006 in Schenectady County, which awarded plaintiff $750,000 in punitive damages from defendant William J. Schady, III.

Defendant William J. Schady, III (hereinafter defendant), a pharmacist, pleaded guilty to criminally negligent homicide based on his admission that he left an unsecured vial containing valium and codeine in a duffle bag on a floor where it was accessible to his girlfriend's two-year-old child who found and ingested the substances, resulting in the child's death. Plaintiff, the child's father, commenced this action against defendant, among others, and, upon defendant's default, Supreme Court awarded plaintiff $75,000 in compensatory damages, $250,000 for conscious pain and suffering and $1,000,000 in punitive damages. Defendant unsuccessfully moved to vacate the default judgment. On his appeal from that order, this Court reversed the punitive damages award and remitted the matter for a new inquest on that issue only (13 AD3d 1028 [2004]). Following the inquest, Supreme Court awarded plaintiff $750,000 in punitive damages. Defendant now contends that the award was unwarranted or, in the alternative, excessive. We disagree and affirm the award.

Punitive damages may be awarded where a defendant's conduct, even though unintentional, is "grossly negligent, or wanton or so reckless as to amount to a conscious disregard of the rights of others" (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 201 [1990]; *see Trudeau v Cooke*, 2 AD3d 1133, 1134 [2003]; *Rinaldo v Mashayekhi*, 185 AD2d 435, 436 [1992]). The purpose of punitive damages goes beyond simply punishing the perpetrator for the morally culpable act committed (*see Home Ins. Co. v American Home Prods. Corp., supra* at 203), but is also intended to deter repetition of such acts (*see State Farm Mut. Automobile Ins. Co. v Campbell*, 538 US 408, 416 [2003]; *BMW of North America, Inc. v Gore*, 517 US 559, 568 [1996]).

Here, defendant's recklessness in leaving narcotics unsecured

and within easy reach of a two-year-old child led directly to the child's death, a consequence within defendant's specialized knowledge as a licensed pharmacist. Although at the inquest he denied committing the acts to which he admitted in the criminal proceeding, the transcript of his plea allocution was received into evidence and credited over his self-serving contentions at the inquest. We find no reason to disturb Supreme Court's credibility determination (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). Furthermore, we note that after surrendering his license in New York, defendant continues to work as a pharmacist in New Jersey, placing him in continuing proximity to narcotics. Under all the circumstances, an award of punitive damages is appropriate to punish defendant and deter repetition of the conduct committed here.

In evaluating the reasonableness of the award, we consider, as we must, "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded . . . and the civil penalties authorized or imposed in comparable cases" (*State Farm Mut. Automobile Ins. Co. v Campbell, supra* at 418; *see BMW of North America, Inc. v Gore, supra* at 575-576). On the first prong, we look again to the unconscionable, indeed criminal, negligence of a licensed pharmacist fatally exposing a two-year-old child to narcotics which, during his plea allocution, he admitted that he was fully aware would probably kill a child if ingested. This conduct unquestionably "evinced an indifference to or a reckless disregard of the health or safety of others" (*State Farm Mut. Automobile Ins. Co. v Campbell, supra* at 419). On the second prong, we note that the punitive damages award is less than three times the amount awarded for the actual harm suffered by plaintiff and the child; in our view, an acceptable ratio (*see State Farm Mut. Automobile Ins. Co. v Campbell, supra* at 425; *BMW of North America, Inc. v Gore, supra* at 581). And on the third prong, we are satisfied that the award is not so exorbitant as to show that it was "actuated by passion" (*Nardelli v Stamberg*, 44 NY2d 500, 504 [1978] [internal quotation marks and citation omitted]; *see e.g. Brown v LaFontaine-Rish Med. Assoc.*, 33 AD3d 470 [2006]; *Bondi v Bambrick*, 308 AD2d 330, 331 [2003]; *cf. Launders v Steinberg*, 39 AD3d 57, 69 [2007]). Accordingly, we do not find the award to be excessive.

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, with costs.