De La Rosa v Nelson Ave. Holdings (2021 NY Slip Op 06439)





De La Rosa v Nelson Ave. Holdings


2021 NY Slip Op 06439


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 302047/14 Appeal No. 14552-14552A Case No. 2020-03843, 2021-03065 

[*1]Nelsida De La Rosa, Plaintiff-Respondent,
v
Nelson Avenue Holdings, Defendant-Appellant.


Kinney Lisovicz Reilly & Wolff P.C., New York (Michael S. Chuven of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Christopher J. Soverow of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered March 9, 2020, in favor of plaintiff and against defendant, and order and judgment, same court (Doris M. Gonzalez, J.), entered August 6, 2021, reducing plaintiff's award of future damages to present value, unanimously affirmed, without costs.
The testimony of defendant's proposed biomechanical expert was properly excluded because defendant failed to meet its burden of demonstrating that his methodology — injury causation analysis — was generally accepted (see generally Marso v Novak, 42 AD3d 377, 378 [1st Dept 2007], lv denied 12 NY3d 704 [2009]). The expert's conclusory statement of general acceptance was not sufficient to meet this burden (see Saulpaugh v Krafte, 5 AD3d 934, 935-936 [3d Dept 2004], lv denied 3 NY3d 610 [2004]; see also Matter of Bausch & Lomb Contact Lens Solution Prod. Liab. Litig., 87 AD3d 913, 913 [1st Dept 2011], lv dismissed 19 NY3d 845 [2012]). He presented no proof that his methodology had been adopted by the Air Force, NASA, or NASCAR, as he claimed; most of the references he cited were admittedly not reflective of this methodology but were merely helpful in applying it to this specific set of facts; and the one article that might have discussed this methodology employed it in a very different context. The fact that the expert has been allowed to testify as an expert in other cases is irrelevant, as the nature of his opinions and the evidence of general acceptance presented in those cases were different.
Defendant, however, argues that, at the very least, the biomechanical expert should have been allowed to testify regarding medical causation, because he was also a medical doctor. This argument is unpreserved because he was only disclosed as a biomechanical expert in the field of "accident reconstruction, biomechanics and injury causation analysis" who would opine on those subjects. In fact, defendant had other medical experts who testified regarding plaintiff's injuries or lack thereof, including medical causation.
The trial court also providently exercised its discretion by reserving decision on whether to allow the punitive damages claim to proceed and, in the interim, allowing evidence relevant to that claim (including evidence of prior bad acts by defendant) to be introduced, as it was not clear prior to admission of such evidence whether punitive damages would be warranted (see generally Gruber v Craig, 208 AD2d 900, 901 [2d Dept 1994]; Minjak Co. v Randolph, 140 AD2d 245, 249-250 [1st Dept 1988] [punitive damages may be appropriate where the landlord failed to rectify a hazardous condition posing a great risk to the tenant, despite having notice thereof for a significant period of time]). Bifurcation of the compensatory and punitive damages issues was not required. Defendant's contention that a curative instruction was required is not preserved, as it did not specifically request such an instruction and did not object to the jury charge as given[*2].
Defendant's challenge to allegedly improper statements made by plaintiff's counsel in his opening statement and summation is likewise not preserved, as defendant did not contemporaneously object to any of the challenged statements or move for a mistrial (see Panzarino v Jeffrey A. Weisberg, M.D., P.C., 257 AD2d 483, 484 [1st Dept 1999], lv dismissed 93 NY2d 998 [1999]). Review is also not warranted in the interest of justice because these statements were not "so prejudicial as to have caused a gross injustice" and "so pervasive, prejudicial, or inflammatory as to deprive a party of a fair trial" (see Kleiber v Fichtel, 172 AD3d 1048, 1052 [2d Dept 2019], lv dismissed 34 NY3d 962 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021