Manouel v Dembin (2022 NY Slip Op 00725)





Manouel v Dembin


2022 NY Slip Op 00725


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 155675/17 Appeal No. 15201 Case No. 2021-02247 

[*1]Mehran Manouel, M.D., Plaintiff-Appellant,
v
Nathan L. Dembin et al., Defendants-Respondents.


Richard Pu, New York, for appellant.
O'Toole Scrivo, LLC, New York (Young Yu of counsel), for Nathan L. Dembin and Nathan L. Dembin & Associates, P.C., respondents.
Ralph A. Erbaio, Jr., respondent pro se.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about May 5, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff fails to articulate any persuasive basis to disturb the motion court's order. Although defendant Ralph Erbaio moved for summary judgment more than 120 days after the note of issue was filed, his motion was timely in light of the pandemic-related Executive Orders tolling motion deadlines (CPLR 3212[a]; Executive Order Nos. 202.8, 202.67 [9 NYCRR 8.202.8, 8.202.67]). The motion court applied the proper standard of care to defendants in this legal malpractice action (see Bassim v Halliday, 234 AD2d 628 [3d Dept 1996], appeal dismissed 89 NY2d 1001 [1997]; see generally Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). The record establishes, as a matter of law, that defendants did not have time to pre-clear the consent agreement between plaintiff and New York State Office of Professional Medical Conduct (OMPC) with the New York State Office of Medicaid Inspector General (OMIG). Contrary to plaintiff's contention, his expert's conclusory affidavit failed to raise an issue of fact.
In view of the foregoing, we do not reach plaintiff's argument regarding his tax returns, and we decline to consider any of the arguments plaintiff raises for the first time in his reply brief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022